75424. TINNEL v. TRAILWAYS LINES, INC. et al.

(364 SE2d 904)

BIRDSONG, Chief Judge.

Nannie Tinnel appeals the grant of summary judgment to Trailways Lines, Inc. in this personal injury case. Mrs. Tinnel fell while exiting a Trailways bus at a rest stop. She contended the defendant owed a duty of extraordinary care as a common carrier under OCGA § 46-9-132, and breached it by its driver's failure to assist her down the bus steps. Her argument is that because the driver had assisted her at other stops, and because she was obviously elderly, being 77 years old, and of stature too short to step down the high step unaided, and because the defendant's driver's manual required him to stay at the bus and assist passengers to disembark, the driver was negligent in failing to assist her, with the direct consequence that she fell. *Held*:

Pretermitting any question of negligence of the driver in failing to assist her is appellant's admission in deposition that she chose to disembark the bus without the driver's assistance because she thought she was physically capable of doing it and could do it successfully, even though another woman warned her not to try it; and that the driver was at that moment at the luggage bin unloading luggage but she did not feel she needed help, did not call him to assist her, and did not wait for him to come to her assistance. By affidavit she further explained (see *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680)) that when she saw the driver was not present to assist her, she attempted to turn around and remain on the bus, but "there were people standing in the aisle behind me which prevented me from returning to my seat. I had to go forward and leave the bus." However, this explanation nevertheless leaves unexplained, and therefore does not overcome, her admission that she disembarked because she thought she was physically able to do it and did not call the driver to assist her. She testified she had used his assistance three or four times at other stops where there had been a curb to lessen the distance from the bottom step to the ground; but there was not a curb at this stop. The conclusion is inescapable that the cause of her injury was not the driver's absence at the steps but her own decision to attempt disembarkment anyway. The fact that because other passengers were waiting behind her she could not stay on the bus, is not an element of defendant's negligence but a circum-

stance that should have made her call to him for assistance. No explanation she has given reveals any reason why her failure to wait for him or call to him, should be laid at his feet and the defendants'. The trial court did not err in granting summary judgment to defendants, as there is no genuine issue of material fact that the cause of her injury was not the driver's contended negligence in failing to remain at the bus steps, but her own in stepping down without calling him. See *Mann v. Hart County Elec. &c. Corp.*, 180 Ga. App. 340 (349 SE2d 215); *Sims v. Willoughby*, 179 Ga. App. 2 (345 SE2d 626).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 13, 1988.

*Charles W. Lane, Linda B. Carlisle,* for appellant.
*Sewell K. Loggins, Deborah A. Finnerty,* for appellees.