## 77471. HOWELL et al. v. CARTER et al.
### (377 SE2d 880)

SOGNIER, Judge.

Larry Joe and Patricia Howell brought suit against Glenda B. and C. W. Carter, Jr. to recover damages for personal injury and loss of consortium resulting from an accident which occurred while Larry Joe Howell was employed by the Carters to remove shingled siding from a rental house owned by Glenda Carter. The trial court granted the Carters' motion for summary judgment, and the Howells appeal.

The record reveals that appellant Larry Joe Howell was employed, along with his father and brother, by appellees to remove old asbestos siding from the rental house and replace it with new siding. Howell was standing on the ground removing shingles by hand from an outside wall of the house and loading them onto his pickup truck. He was working from the bottom of the wall towards the top and at the time of the incident was removing shingles at approximately eye level. He turned from the truck to pull more shingles off the wall when a shingle near the top of the wall under the eaves dislodged and fell, striking him in his right eye. It is uncontroverted that Larry Joe Howell was injured and suffered permanent damage.

Appellants contend the trial court erred by granting appellees'

motion for summary judgment because an issue of fact remains as to whether appellees had superior knowledge of a hidden danger. Specifically, appellants contend that there is a contradiction between appellees' statements made to insurance representatives and their testimony given in affidavits submitted in support of their motion for summary judgment regarding whether they had knowledge, at the time they employed appellant, that some of the shingles were loose. Appellants argue, therefore, that under *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), that portion of the contradictory testimony most favorable to appellees must be ignored on motion for summary judgment. However, we do not agree with appellants that appellees' statements are contradictory.

In their affidavits, appellees stated they "personally inspected the house several times and more particularly, the asbestos siding on the house[,] [p]rior to the hiring of the Howells to remove the siding." They stated that from their inspections of the property, they "saw nothing unusual, or dangerous, about the asbestos siding." Nothing in the statements given by appellees for insurance purposes contradicts the statements in their affidavits that they had no knowledge of the existence of any dangerous condition. In fact, when asked by the interviewer taking the insurance statement whether his wife had been alerted to any problem with the shingled siding, appellee C. W. Carter replied "[n]o, it was just, it looked good on the house, uh, but it was something that, you know, they've outlawed [and] something that, that they're not making anymore of, uh, so she wanted it off of the house." Appellee Glenda Carter told the insurance interviewer that although there were a few sheets of shingles that were bad, the siding did not appear to be loose, but "look[ed] like it was intact." Although Glenda Carter did opine that the siding was not as tight as it should have been, her statement was obviously an attempt to explain how the accident occurred. Nothing in her statement implies that either she or her husband had foreknowledge of any unsafe condition. Thus, we find no contradiction and *Prophecy Corp.*, supra, is not applicable here. The trial court properly included the statements made by appellees in their affidavits in the evidence considered on summary judgment. See OCGA § 9-11-56 (e).

In response to the motion for summary judgment, appellant Larry Joe Howell submitted his own affidavit, in which he stated that to his own "knowledge the [appellees] had not inspected the premises to be repaired before his injury." At best that statement can be construed as averring only that appellees did not inspect the premises when Larry Joe Howell had knowledge of the inspection. As Howell did not, and could not, aver that appellees could not have inspected the premises without his knowledge, Howell's statement is insufficient to rebut appellees' affirmative statement that they did inspect the

premises and found no defects.

"The true ground of liability of the owner of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm. [Cits.]" *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167-168 (279 SE2d 342) (1981). Even construing the evidence most strongly on behalf of appellants as the respondents to the motion, *Mallard v. Jenkins*, 179 Ga. App. 582 (347 SE2d 339) (1986), we find that appellees have negated an essential element of appellants' case by showing they did not have superior knowledge of any danger, and the trial court did not err by granting summary judgment to appellees. See generally *Tinnel v. Trailways Lines*, 185 Ga. App. 534, 535 (364 SE2d 904) (1988).

*Judgment affirmed. Carley, C. J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JANUARY 5, 1989 —
REHEARING DENIED JANUARY 18, 1989 — 

*Franklin D. Rozier, Jr.*, for appellants.
*Preston & Preston, Robert H. Preston*, for appellees.