32301. GEORGIA POWER COMPANY *v.* DEESE.

DECIDED FEBRUARY 11, 1949. REHEARING DENIED FEBRUARY 26, 1949.

706

*Leonard Farkas & Walter H. Burt,* for plaintiff in error.

*J. Neely Peacock Jr.,* contra.

FELTON, J. ■ This is an action based on wilful and wanton misconduct. Under the facts alleged in the petition, the deceased was not an invitee by express or implied invitation, as no benefit accrued to the defendant from the presence of the deceased on the premises. "Speaking generally, where the privilege

of user exists for the common interest or mutual advantage of both parties, it will be held to be a case of invitation; but if it exists for the mere pleasure and benefit of the party exercising the privilege, it will be held to be a case of license." 17 R. C. L. 566, § 79. Also see *Atlantic Steel Company* v. *Cleaton*, 52 *Ga. App.* 502 (183 S. E. 827). Since the deceased came on the property of the defendant solely for purposes of his own benefit; namely, to fish, there was no mutuality of interest which is necessary to create the relationship of implied invitee. *Central of Georgia Ry. Co.* v. *Ledbetter*, 46 *Ga. App.* 500 (168 S. E. 81).

For purposes of this case it is unnecessary to decide whether the deceased was a trespasser or licensee, since the duty owed to both is the same, namely, to use ordinary care to avoid injuring him after his presence and danger are actually known or when the danger is known and his presence is reasonably to be anticipated, which, in point of fact, is merely the duty not to injure him wantonly or wilfully. *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607, 609 (58 S. E. 1060); *Cook* v. *Southern Ry. Co.*, 53 *Ga. App.* 723, 725 (187 S. E. 274); *Leach* v. *Inman*, 63 *Ga. App.* 790 (12 S. E. 2d, 103). In the instant case, it was alleged that the defendant's employees actually saw the deceased in a perilous position twenty minutes prior to the opening of said gate, and that he was in full view of the defendant's employees at the time the gate was opened. Therefore, the duty owed to the deceased after his presence was discovered or was reasonably to be anticipated, whether he be classified as a licensee or trespasser, was to use ordinary care to avoid inflicting injuries on him. It was a question for a jury whether the conduct of the defendant's employees constituted a breach of ordinary care, and whether such, under the circumstances, amounted to wilful and wanton conduct. The fact that the employees did not actually see the the deceased at the moment they opened the gate will not relieve them from the duty to exercise ordinary care, since a jury could find that they were charged with the duty to anticipate the deceased's presence, and were still obligated, in the exercise of ordinary care, to determine whether or not the deceased was within the range of any danger set in motion by their acts, under the allegations of the petition.

Counsel for the defendant contends that the original petition fails to allege facts amounting to wilful and wanton negligence, and that the petition is duplicitous in that wilful and wanton conduct and simple negligence are set out in the same count. We do not agree with these contentions. The petition specifically designates the conduct of the defendant's employees as wilful and wanton and properly alleges facts that would authorize a jury to find that the failure to exercise ordinary care under the circumstances amounted to wilful and wanton misconduct. "It is usually wilful or wanton not to exercise ordinary care to prevent injury to a person who is actually known to be, or reasonably expected to be, within the range of a dangerous act being done." *Atlantic Coast Line R. Co.* v. *O'Neal*, 180 *Ga.* 153 (178 S. E. 451); *Ashworth* v. *Southern Ry. Co.*, 116 *Ga.* 635-638 (43 S. E. 36, 59 L. R. A. 592). The defendant further contends that the petition failed to allege knowledge on the part of the defendant's servants that the opening of the gate would cause injury to the deceased. Paragraph 10 of the petition sets out the following: "When one or more gates is open a turbulence is created in the river, causing waves from two to three feet high and creating a terrific current and eddy in said waters below said dam, which will cause boats on the river below said dam to capsize, and this fact was well known to defendant and its employees." This allegation charges actual knowledge on the part of the employees as to what would happen when a gate was opened, and not implied knowledge as contended by the defendant. In this case we have allegations of the two requisites necessary to show wilful-misconduct circumstances, to wit, knowledge of the injured person's presence or facts which show that his presence should have been reasonably anticipated, and knowledge of the injured person's danger in the premises. *Southern Ry. Co.* v. *Chatman*, 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675); *Charleston & W. C. Ry. Co.* v. *Johnson*, 1 *Ga. App.* 441 (57 S. E. 1064); *Tice* v. *Central of Ga. Ry. Co.*, 25 *Ga. App.* 346 (103 S. E. 262).

Another contention of the defendant is that it affirmatively appears that the deceased could have prevented the injury to himself by the exercise of ordinary care. The allegations of the peti-

tion do not show such to be the case as a matter of law, but even if it did, the failure of the deceased to avoid the conduct of the defendant does not defeat a recovery in cases of wilful and wanton conduct. *Tice* v. *Central of Ga. Ry. Co.*, supra.

■ The court erred in overruling the defendant's special demurrer to the allegation of negligence on the part of the defendant, where it was alleged that a duty was owed to the plaintiff and her husband to keep the premises in a safe and suitable condition. The defendant company owed no duty to the deceased, whether he was a trespasser or licensee, to keep its premises in a safe condition. *Leach* v. *Inman*, supra.

The court did not err in overruling the defendant's general demurrer and other special demurrers.

*Judgment affirmed in part, and reversed in part. Sutton, C. J., and Parker, J., concur.*