46039.   FOTOPOULOS et al. v. LAMAS.

ARGUED MARCH 1, 1971—DECIDED APRIL 7, 1971—
REHEARING DENIED APRIL 29, 1971.

*Corish, Smith, Remler & Moore, Malberry Smith, Jr.,* for appellants.

*Bouhan, Williams & Levy, Frank W. Seiler,* for appellee.

DEEN, Judge. This case is controlled by *Patterson v. Thomas,* 118 Ga. App. 326 (163 SE2d 331), the headnote of which states the principles of law applicable here: "The . . . owner of real property owes the same duty of care to a social guest as to a licensee. [He] is subject to liability to a licensee for injury caused by a condition on the property if [he] (a) knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to the licensee, and should expect the licensee will not realize the danger; and (b) fails to exercise reasonable care to make the condition safe, or to warn the licensee of the condition and risk involved; and (c) the licensee does not know or have reason to know of the condition and the risk." But after the presence of the licensee is actually known or should, under the circumstances, have been anticipated, and the owner of the property has actual knowledge of the potential danger, ordinary care and diligence must be used to prevent injury to the licensee; and the failure to use such ordinary care and diligence to prevent injuring a person who is actually known to be, or is expected to be, within the range of the dangerous act being done, is usually wilful or wanton. *Mandeville Mills v. Dale,* 2 Ga. App. 607, 609 (58 SE 1060); *Cook v. Southern R. Co.,* 53 Ga. App. 723,

725 (187 SE 274); *Leach v. Inman,* 63 Ga. App. 790 (12 SE2d 103); *Ga. Power Co. v. Deese,* 78 Ga. App. 704, 707 (51 SE2d 724).

In the present case the owner had two pieces of identical carpeting intended for wall-to-wall use made into scatter rugs and placed between the entrance and the living room. Whether or not these rugs were exchanged from time to time in process of cleaning is completely irrelevant. The two facts which are dispositive of the issues are (1) the owner had actual knowledge that the plaintiff was about to step on the rug because she had invited her and was at the door in the act of bidding her entry, and (2) she had actual knowledge that the rugs would slide on the varnished floor when stepped on because one of them had recently done so. Whether or not she placed a rug or pad under them after this first occurrence is in dispute, but in any event the question is not whether she did so but whether, after actual knowledge of the hazard, she exercised ordinary care to cure the defect, or warned plaintiff of the defect. This is also a jury question.

The evidence does not demand a finding of nonliability against the defendant, and the trial court erred in directing the verdict.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*