50017. BROOKS et al. v. LOGAN et al.

PANNELL, Presiding Judge.

This is an appeal from the grant of a summary judgment in favor of the defendants in a joint action by a father and child against a husband and wife, homeowners, seeking to recover damages for injuries received by the child when she stepped into a hole in defendants' front yard. Hospital and doctor's bills were sought to be recovered by the father of the child. The hole in question was placed by a municipal water department when it installed water lines to the house from the main in the street; it was about 11 feet from the edge of the street. There were no sidewalks. In the bottom of the hole was the water cutoff valve. The walls of the hole consisted of a terracotta pipe in the shape of a square with rounded corners and, as testified to by the child, was of a diameter longer than a pencil but shorter than one foot. The affidavit of the husband disclosed that the grass had been recently cut and that the lawnmower would run over the terracotta pipe when it was used to cut the grass; and that the terracotta pipe extended one and one-half to one and three-fourths inches above the ground. He further testified that immediately after the child was injured, he ex-

amined the area and that the grass did not obscure or hide the hole and that the hole could plainly be seen. The child's testimony was that the pipe was even with the ground; that the edges of the pipe were covered with grass "and you couldn't see it"; that the grass had grown just around the edges of the pipe so there was a hole in the ground that the grass had not covered over. She further stated that all other yards in the neighborhood had a similar installation, some with the pipe extending above the ground and some even with the ground, including her own yard. She was pushing her bike at the time and was looking ahead instead of at the ground and did not see the hole. The child further testified that she and other children frequently used the yard as a passageway while going to and from school, there being no sidewalks in the area; that both defendants had been there in the carport on occasions when children used the yard as a passageway, but she could not say whether they had ever seen them or not; but that she had never been invited into the yard or given permission to cross the yard by the Logans and had not been invited on the occasion in question. There was evidence the wife had made an out-of-court statement to the father of the child after the injury that she did not object to such use because there were no sidewalks and walking in the street was dangerous for the children. The husband's affidavit disclosed that he had no knowledge of such use. There was no affidavit or testimony from the wife. There was no evidence showing that it was necessary to go in the area where the hole was in order to stay out of the street. In answer to interrogatories and a question as to the plaintiff's "contentions," the father of the child, under oath in stating these contentions, said "the aperture, or opening, was completely concealed from view by grass which had grown up, around and over the aperture and it could not be seen upon ordinary observation and the edge of the aperture was broken, with sharp edges." There was no evidence to this effect; but only to the contrary.

1. The first question for determination is the status of the child and the duty of the owner resulting from this status. The child was clearly not an invitee by express or implied invitation, and this is practically conceded by the

parties. Mere acquiescence in the child coming upon the premises on a few prior occasions is not sufficient to convert her presence on the occasion in question from that of the trespasser or licensee to that of an invitee. See *McCall v. McCallie,* 48 Ga. App. 99, 101 (7, 8) (171 SE 843). The owner of land is under no duty or obligation to keep the premises in a safe condition for the benefit of trespassers, intruders, idlers, or bare licensees, or others who come upon it, not by invitation express or implied, but for their own pleasure or to gratify their curiosity, however innocent and laudable their purpose may be. *Cook v. Southern R. Co.,* 53 Ga. App. 723 (187 SE 274); *Flint River Cotton Mills v. Colley,* 71 Ga. App. 288 (30 SE2d 426); *Jones v. Asa G. Candler, Inc.,* 22 Ga. App. 717, 719 (97 SE 112); *Rawlins v. Pickren,* 45 Ga. App. 261 (164 SE 223); *Leach v. Inman,* 63 Ga. App. 790 (1) (12 SE2d 103); *Bowers v. Texas Co.,* 65 Ga. App. 874 (16 SE2d 765). Where an injury is caused by a static condition, as in the present case, the act of the owner must be a wilful and wanton act in order for the injured party to recover. *Leach v. Inman,* supra. While, where the presence of the injured party on the owner's premises is known or should have been anticipated, the duty owing to him, whether he be classified as a trespasser or licensee is to use ordinary care to avoid inflicting injuries on him (*Ga. Power Co. v. Deese,* 78 Ga. App. 704, 707 (51 SE2d 724)), it is also usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be or may reasonably be expected to be, within range of a *dangerous act being done* or *a hidden peril* on one's premises. *Cook v. Southern R. Co.,* 53 Ga. App. 723, supra.

2. The following was held by this court in *Rowland v. Byrd,* 57 Ga. App. 390 (195 SE 458): "A child who strolls upon private premises to play, without the permission or consent of the owner or person in charge, is a trespasser upon the premises. The owner of premises, or person in charge thereof, owes no duty to keep the premises in a condition safe for trespassers who come thereon without the knowledge of the owner or person in charge, although the owner may have knowledge that it is customary for such trespassers to come upon the premises. It is not a violation of any duty owed by the owner of premises to a

child who, as a trespasser, comes upon the premises to play, although the owner may know that it is a custom for children to come upon the premises to play, for the owner to permit the roof of a vacant building situated on the premises to be in such a defective condition that a drain-pipe which is on the building for the purpose of carrying off water is in such an insecure condition that if it is hit by a gust of wind it will fall. Where the drain-pipe falls upon a child who is upon the premises as a trespasser without the knowledge of the owner, although the owner may reasonably have anticipated the presence of the child, the owner is not liable for the injury. The act of the owner in permitting the premises to be in such a state of bad repair is not a wilful and wanton act. *Rawlins v. Pickren,* 45 Ga. App. 261 (164 SE 223)." See also *Savannah F. & W. R. Co. v. Beavers,* 113 Ga. 398 (39 SE 82); *Crawford v. Pollard,* 55 Ga. App. 702 (191 SE 162). There is a distinction between cases of active negligence such as *Clinton v. Gunn-Willis Lumber Co.,* 77 Ga. App. 643 (49 SE2d 143) relied upon by appellant, and cases involving a static condition or passive negligence. See *Brown v. Bone,* 85 Ga. App. 22 (68 SE2d 190) and *George v. Continental Wrecking Corp.,* 101 Ga. App. 538, 540 (114 SE2d 383). So long as it is not so close to the traveled way as to constitute a peril to those who may accidently step aside from the traveled way, a party may excavate upon his land or have holes thereon and this right is not subject to abridgement by parties happening to go out of their way and receiving injuries. See *Kohn v. Lovett,* 44 Ga. 251; *Savannah F. & W. R. Co. v. Beavers,* 113 Ga. 398, supra; *Crawford v. Pollard,* 55 Ga. App. 702, supra; *Garner v. Town of East Point,* 7 Ga. App. 630 (67 SE 847); *McCall v. McCallie,* 48 Ga. App. 99, supra; *Etheredge v. Central of Ga. R. Co.,* 122 Ga. 853 (50 SE 1003). Compare *Cox v. Greenfield,* 50 Ga. App. 699 (179 SE 178). The hole in the present case was at least 11 feet from the roadway and, in our opinion, was not in such close proximity thereto as to constitute a peril to those lawfully using the roadway.

3. The solution to this case, therefore, rests upon whether or not the open hole containing the cutoff valve otherwise constituted a hidden peril or mantrap so that the failure to keep it covered or to warn thereof would

constitute a wilful and wanton act as against the plaintiff child in the present case.

"The doctrine of mantrap or pitfall is rested upon the theory that the owner is expecting a trespasser or a licensee and has prepared the premises to do him injury. Moseley v. Alabama Power Co., 246 Ala. 416 (21 S2d 305). A typical example is the setting of a spring or trap gun to stop or prevent depredations by animals or humans, as in *Wilder v. Gardner,* 39 Ga. App. 608 (147 SE 911). In that situation the owner expects that a trespasser will come, and deliberately sets a trap designed to do injury. It may result from the knowledge on the part of the owner of the existence of a dangerous or hazardous condition coupled with a conscious indifference to the consequences, so that a deliberate intent to inflict injury is inferable (*Louisville & Nashville R. Co. v. Young,* 112 Ga. App. 608, 613 (145 SE2d 700)); or from a dangerous condition hidden with sufficient cover to obscure it or to render it unobservable to one who approaches it. Cf. *Bohn v. Beasley,* 51 Ga. App. 341 (180 SE 656), and see *Fuller v. Louis Steyerman & Sons, Inc.,* 46 Ga. App. 830 (169 SE 508). The hazard is latent or concealed. *Central of Ga. R. Co. v. Lawley,* 33 Ga. App. 375 (4) (126 SE 273)." *Crosby v. Savannah Electric &c. Co.,* 114 Ga. App. 193, 198 (150 SE2d 563).

The *Crosby* case cites a collection of cases involving holdings that certain situations did not constitute mantraps or pitfalls. See pp. 200, 201. The situation here was created by the municipal water department, not by the defendant. Similar installations existed over the entire area, even in the plaintiff's yard, and she knew of these installations but had never seen the particular one she stepped into in the defendant's yard. While she stated "You couldn't see it" her testimony disclosed this statement to be a mere conclusion. It disclosed she was not looking at the ground, but far ahead, as she walked across the yard. It also disclosed that the hole was not obscured, covered, or hidden. There is no mantrap situation in this case, nor is there any evidence that the acts of either the husband or the wife, or their inaction was either wilful or wanton. We accordingly hold that the trial court did not err in granting the defendant's motion for summary judgment.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED JANUARY 9, 1975 — DECIDED MARCH 10, 1975.

*Peek, Arnold, Whaley & Cate, William H. Cate,* for appellants.

*John F. Davis, Jr., Richard L. Ormand,* for appellees.