## 52968. HOLCOMB et al. v. IDEAL CONCRETE PRODUCTS, INC. et al.

STOLZ, Judge.

The plaintiffs, a father and his minor son, appeal from the grant of summary judgment in favor of the defendants, a concrete products manufacturer and its truck driver, in their action for damages for the 13-year-old minor plaintiff's injuries sustained on the defendant corporation's premises.

The showing on the motion for summary judgment raised genuine issues of material fact as to the minor plaintiff's status on the defendant's premises (i.e., trespasser or licensee); whether the presence and position of peril of the minor plaintiff was known or should have been known by the defendants; whether the defendants were negligent in their operations and/or actions with regard to the collision; negligence on the part of the minor plaintiff; contributory negligence; and avoidance. "Questions of negligence, contributory negligence, cause and proximate cause, whose negligence, and what negligence, including lack of care for one's own safety and lack of ordinary care in avoiding the consequences of another's negligence, are, except in plain, palpable and indisputable cases, solely for jury determination." *Worn v. Sea-Cold Services, Inc.*, 135 Ga. App. 256 (1) (217 SE2d 425) (1975) and cits.

The fact that the plaintiff might be found to be a trespasser does not alone necessarily negate any right of

recovery for his injuries. "Where the defendants were aware of the custom of children to play in and around the [defendant's premises], the defendants are bound to anticipate the presence of such children and are under a duty to use ordinary care to avoid injuring them after their presence is known *or reasonably should be anticipated. Bullard v. Southern Ry. Co.,* 116 Ga. 644 (43 SE 39); *Central of Georgia Ry. Co. v. Pelfry,* 11 Ga. App. 119 (74 SE 854); *Wise v. Atlanta & W. P. R. Co.,* 61 Ga. App. 372 (6 S.E.2d 135). See, in this connection, *Mills v. Central of Georgia Ry. Co.,* 140 Ga. 181 (78 SE 816, Ann. Cas. 1914C, 1098)." (Emphasis supplied.) *Clinton v. Gunn-Willis Lumber Co.,* 77 Ga. App. 643, 647 (49 SE2d 143). See also Prosser, Handbook of The Law of Torts (4th Ed.), § 59, pp. 364 ff.; Harper and James, The Law of Torts, Vol. 2, §§ 27.5, 27.6 and 27.7. Any apparent conflict with cases establishing the standard of merely not injuring trespassers wilfully or wantonly, is explained by cases such as *Brooks v. Logan,* 134 Ga. App. 226, 229 (2) (213 SE2d 916) (1975), which points out that "[t]here is a distinction between cases of active negligence such as *Clinton v. Gunn-Willis Lumber Co.,* 77 Ga. App. 643 [supra, and the case sub judice] . . . and cases involving a static condition or passive negligence." See generally cases annotated under Code Ann. § 105-401, catchword "Trespassers."

Therefore, the grant of the summary judgment must be and is reversed.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED OCTOBER 7, 1976 — DECIDED DECEMBER 3, 1976 — REHEARING DENIED DECEMBER 17, 1976 — ▮▮▮▮▮▮▮

*Taylor, Morris & Hotz, Walter H. Hotz,* for appellants.

*Tisinger, Tisinger & Vance, David H. Tisinger, Thomas E. Greer,* for appellees.