S92A0109. TRAMMELL et al. v. BAIRD et al.
(413 SE2d 445)

CLARKE, Chief Justice.

In December 1986, 15-year-old Brooks Baird was riding a motorcycle on an unpaved road on property owned by Berry College. This property is managed by the Georgia Department of Natural Resources (DNR) and is known as the Berry College Wildlife Management Area. The entrance to this unpaved road was posted with a sign measuring 18 x 24 inches which stated

BERRY COLLEGE PROPERTY
RESTRICTED AREA
PERMIT REQUIRED FOR ENTRY
PHONE 236-2262 FOR INFORMATION
MOTORIZED VEHICLES ABSOLUTELY PROHIBITED
VIOLATORS WILL BE PROSECUTED
HELP PROTECT YOUR FOREST AND
PRESERVE THE BEAUTY OF BERRY COLLEGE

While Baird's riding companion stopped his vehicle to clean the mud from his goggles, Baird continued down the road and collided with a covered cable gate used to separate the Wildlife Management Area from the Wildlife Refuge. The record shows that the road was "straight and unobstructed" at least 800 feet before it intersected the cable gate. The affidavit of the park ranger shows that the cable gate

---

was marked by black PVC pipe. Baird was travelling at a speed of 35-40 miles per hour and died within minutes of the collision from a ruptured spleen.

Baird's parents, appellees here, brought this action against the DNR, Berry College, and their individual employees, alleging that Baird's death was the result of their negligence. The trial court granted the DNR's motion to dismiss on the ground of sovereign immunity. The remaining defendants, appellants before this court, moved for summary judgment on the ground that Baird was a trespasser on the property at the time of his collision, and that appellants had met the standard of care owed him. The trial court denied the motion for summary judgment, finding that there are questions of fact as to Baird's status and the proper duty owed him by appellants. The Court of Appeals denied the appellants' application for interlocutory review, and this court granted certiorari.

We conclude that Baird, driving across Berry College property, the entrance to which was plainly marked by a sign stating that his presence was not permitted, with neither privilege nor consent to do so, was a trespasser as a matter of law. *Crosby v. Savannah Electric &c. Co.*, 114 Ga. App. 193 (150 SE2d 563) (1966). Consent to travel on the property cannot be implied even if the landowner has knowledge that others, on occasion, trespass upon it. Id.

> The general rule is that a person who owns or controls property owes no duty to a trespasser upon it, except not to wilfully or recklessly injure him; and this rule applies alike to adults and to children of tender years. *Atlantic Coast Line R. Co. v. O'Neal*, 180 Ga. 153, 155 (178 SE 451) (1935).

The cases further hold that the landowner owes a duty not to set a mantrap on the property, the theory being that the landowner may not prepare the premises to do the trespasser injury. *Crosby*, supra at 198. The trial court found that there is no evidence of a mantrap in this case, and the record supports that determination.

The appellees point out that over the past few years the appellants have ticketed and evicted a number of trespassers on the property in question, thus demonstrating that appellants were aware that trespassers traversed the property. Citing *Ga. Power Co. v. Deese*, 78 Ga. App. 704, 707 (51 SE2d 724) (1949), appellees argue that this circumstance gives rise to a duty of ordinary care owed a trespasser.

"[T]he duty to use ordinary care to avoid injuring [a trespasser] after his presence and danger are actually known is, in point of fact, merely the duty not to injure him wantonly and wilfully." *Cook v. Southern R. Co.*, 53 Ga. App. 723, 726 (187 SE 274) (1936). Further, it is considered wilful or wanton not to exercise ordinary care to protect

anticipated trespassers from dangerous activities or hidden perils on the premises. *Atlantic Coast Line,* supra; *Brooks v. Logan,* 134 Ga. App. 226, 228 (213 SE2d 916) (1975). However, where the alleged negligence arises from static or passive conditions, the landowner owes the anticipated trespasser a duty not to injure him wilfully or wantonly. *Cook,* supra; *Brooks,* supra.

*Georgia Power Co. v. Deese,* supra, is distinguishable from the present case. There the plaintiffs alleged that the defendants committed an act of active negligence in releasing water held by a dam so that it flowed over the trespasser who was fishing in a boat below the dam. Further, the defendants were actually aware of the trespasser's presence and his "perilous position," *Deese* at 707, just minutes before they released the water.

In the case before us, the covered cable gate dividing Wildlife Management Area from the Wildlife Refuge Area was a static condition on the premises. As such the appellants owed Brooks Baird a duty not to wilfully or wantonly injure him. The record before us shows that the appellants did not breach this duty. Therefore, the trial court erred in denying the appellants' motion for summary judgment.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 20, 1992 —
RECONSIDERATIONS DENIED MARCH 13, 1992 AND APRIL 2, 1992.

*Michael J. Bowers, Attorney General, Robert S. Bomar, Isaac Byrd, Senior Assistant Attorneys General,* for appellants.
*John S. Husser,* for appellees.