A92A0895. WADE et al. v. MITCHELL et al.
(424 SE2d 810)

BIRDSONG, Presiding Judge.

Appellants, James and Janice Wade, brought suit against appellees for personal injuries and loss of consortium, respectively. This is an appeal from the order of the state court granting summary judgment to appellees.

James Wade stopped at the TCB Truck Stop to inquire where he could find an open automobile parts store. As he was departing the premises, he apparently was injured when struck and rendered unconscious by a strong force of air or something from an exploding tubeless truck tire mounted on a single piece rim, which was being inflated or had just been inflated in an open area by a truck stop employee. Appellants enumerate nine errors, the last of which claims the trial court ignored at least eleven material genuine issues of fact in granting summary judgment. *Held*:

1. On summary judgment, movant has the burden of showing there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. When, as in the instant case, movant is the defendant, he has the additional burden of piercing the plaintiff's pleadings. *Demarest v. Moore*, 201 Ga. App. 90, 91 (1) (410 SE2d 191). But, a movant/defendant who will not bear the burden of proof at trial need not affirmatively disprove the non-moving party's case; instead, the burden on the moving party is discharged by establishing by "evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case." *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474). In ruling on a motion for summary judgment, the opposing party should

be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Demarest*, supra. Thus, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's*, supra.

2. In granting summary judgment for appellees, the trial court found that (a) appellant James Wade had at least equal knowledge of any potential hazards regarding the tire and appellees eliminated an essential element of appellants/plaintiffs' case by showing appellees did not have superior knowledge of any such danger, even after careful inspection; (b) there was a lack of foreseeability on the part of appellees; (c) there was an assumption of the risk by appellant James Wade; and, (d) thus, as a matter of law based upon the material facts, appellants' failure to demonstrate any liability on the part of appellees gives rise to no genuine issue as to any material fact.

(a) Even assuming without deciding that at the time of his injury appellant James Wade was on the truck stop premises as a licensee and not as a business invitee, we find that the trial court erred in granting summary judgment to appellees. Compare *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874 (392 SE2d 535) (status on premises at issue). Hereinafter, all references to appellant James Wade, as having been on the premises in a licensee status is predicated upon the above assumption and is not intended to remove the issue as to appellants' status from the hands of the jury. See generally *Cook v. Southern R. Co.*, 53 Ga. App. 723, 725 (2a) (187 SE 274) (invitee-licensee test); *Petree v. Davison-Paxon-Stokes Co.*, 30 Ga. App. 490, 492 (118 SE 697) (licensee definition).

(b) Appellant was not injured by any *defect* on the truck stop premises *pre-existing* his arrival thereon (compare *Roth v. Wu*, 199 Ga. App. 665 (405 SE2d 741)). Rather, appellant was injured in an incident arising from the active performance of acts and omissions occurring as he arrived on the premises and approached the danger zone.

In the recent case of *Trammell v. Baird*, 262 Ga. 124, 126 (413 SE2d 445), comparing *Georgia Power Co. v. Deese*, 78 Ga. App. 704, 707 (51 SE2d 724), the Supreme Court reaffirmed the existence of a legal distinction, regarding tort claims arising on premises, between causes of action where the alleged negligence arises from static or passive conditions (such as, pre-existing defects unattended on the premises) and causes of action thereon averring active negligence by act or omission. See generally *Holcomb v. Ideal Concrete Prods.*, 140 Ga. App. 857 (232 SE2d 272); *Brooks v. Logan*, 134 Ga. App. 226, 229 (2)

(213 SE2d 916); *Clinton v. Gunn-Willis Lumber Co.*, 77 Ga. App. 643 (49 SE2d 143). The record establishes that the incident on which this cause is grounded arises not from a *pre-existing* defect in the premises but from a claim of active negligence arising from the mechanic's alleged acts and omissions occurring at the time appellants were lawfully on the premises in licensee status. Accordingly, we find that all cases involving pre-existing premises defects or cases arising from other than active negligence are distinguishable and not controlling per se. Examples of distinguishable cases which have been cited by either the trial court or parties include: *Howell v. Carter*, 189 Ga. App. 832 (377 SE2d 880) (pre-existing defect of loose shingle on premises falling on workman); *Pound v. Augusta National*, 158 Ga. App. 166 (279 SE2d 342) (extra gravel spread one day prior to incident); and *Smith v. Seawright*, 33 Ga. App. 336 (126 SE 301) (unprotected hole on premises for over one year).

(c) In this instance, the evidence is uncontroverted that appellant James Wade was talking with the mechanic before the tire exploded. Thus, appellees are charged with the actual knowledge of appellant's presence on the premises and in the vicinity of the tire before appellant was injured by its explosion. Even assuming appellant's presence had not in fact been known, a truck service stop or gas station can be charged with reasonably anticipating that, throughout the period of its business operation, persons will frequently stop unannounced on the premises merely to seek directions.

A landowner is not an insurer of the safety of those who venture upon his land whether they are in trespasser, licensee or even invitee status. See *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546). And the owner of the premises owes only a slightly higher duty to a licensee than to a trespasser. "He must not wantonly or wilfully injure the licensee; and since the presence of the licensee as a result of his license is at all times probable, some care must be used *to prevent* injuring him after his presence is known or reasonably should be anticipated. The fundamental concept of this class of cases . . . is of a liability only for wilful and wanton injury, but it is *usually* wilful or wanton not to exercise ordinary care *to prevent* injuring a person who is actually known to be, or may reasonably be expected to be, within the range of a *dangerous act* being done or a *hidden peril* on one's premises. . . . [Thus] as to a licensee . . . *'ordinary care and diligence* must be used *to prevent* injuring him after his presence is known or reasonably should be anticipated.' . . . After the presence of the licensee is known, exactly the same acts of caution may be required of the owner to satisfy the legal duty as would be necessary if the licensee were invited." (Emphasis supplied.) *Cook*, supra at 726-727 (3). Compare *Trammell*, supra at 125, citing *Cook*. This rule was basically adopted and restated in the *active negligence* case of *Deese*,

supra. In *Deese*, supra at 707 (1), it was held, "it is unnecessary to decide whether the deceased was a trespasser or licensee, since the duty owed to both is the same, namely, to use ordinary care to avoid injuring him after his presence and danger are actually known or when the danger is known and his presence is reasonably to be anticipated, which . . . is merely the duty not to injure him wantonly or wilfully." In the *Deese* case, the court then explained: " 'It is usually wilful or wanton not to exercise *ordinary care to prevent* injury to a person who is *actually known* to be, or *reasonably expected to be,* within the range of a *dangerous act* being done.' " (Emphasis supplied.) Id. at 708 (1); compare *Flagler Co. v. Savage,* 258 Ga. 335, 337 (2) (368 SE2d 504) (pre-existing static condition case) and *Barry v. Cantrell,* 150 Ga. App. 439, 440-441 (258 SE2d 61) (pre-existing defective tree on premises) and *Petree,* supra at 494 (pre-existing defect case). Under this rule, not only must the act be found to be dangerous but the *potential* for danger must be actually known to the owner. See *Fotopoulos v. Lamas,* 123 Ga. App. 731, 732 (182 SE2d 326) (pre-existing condition case), citing inter alia *Deese,* supra, and *Cook,* supra.

3. In addition, the record reflects the truck stop owner testified in her deposition that both tubeless and tube tires are "subject to explode or . . . blow up"; that a new tire can be defective and have a weak spot in it; that a 1022.5 tire creates an awful lot of force when it explodes and could be injurious to anyone standing around; and that the tire repair area and tire cage are located in the truck stop shop where only employees are allowed.

We find, based on all relevant evidence of record, there exists a question of fact for the jury whether the act of inflating the single rim, tubeless truck tire was a dangerous act within the meaning of *Cook,* supra, and *Deese,* supra. Compare *Jacobs v. Tyson,* 200 Ga. App. 123, 125 (407 SE2d 62) (loaded firearm inherently dangerous but butcher knife or golf club is not); see *Community Gas Co. v. Williams,* 87 Ga. App. 68, 80 (2) (73 SE2d 119) (petition presented a jury question whether defendant knew that the work was in its nature dangerous to others no matter how carefully performed).

4. Except in plain, palpable and undisputed cases where reasonable minds cannot differ as to the conclusions to be reached, questions of negligence, proximate cause, including the related issues of foreseeability, assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence, contributory and comparative negligence are for the jury. See generally *Thompson v. Crownover,* 259 Ga. 126 (5) (381 SE2d 283); *Wade v. Polytech Indus.,* 202 Ga. App. 18, 22 (3) (413 SE2d 468); *Horney v. Lawrence,* 189 Ga. App. 376, 377 (3) (375 SE2d 629); *Abee v. Stone Mtn. Mem. Assn.,* 169 Ga. App. 167, 169 (1) (312 SE2d 142);

*Callaway v. Pickard*, 68 Ga. App. 637, 641 (1) (23 SE2d 564); compare *Wells v. C & S Trust Co.*, 199 Ga. App. 31, 32 (403 SE2d 826). For reasons hereinafter discussed, we find the existence of a genuine issue of material fact existing as to these issues precluding summary judgment for appellees.

(a) Regarding the issue of foreseeability, the record reflects that the mechanic admitted in his deposition that he believes the tire which exploded was one of the type which "the law says to put it in a cage," (see generally promulgated OSHA safety standards, 29 CFR, Part 1910, Servicing of Single Piece and Multi-Piece Rim Wheels; Final Rule); that he has seen air pressure cut people before and that the little bit of pressure from a bicycle tire once "busted [his] face"; that, although he had never had a big tire explode, at the time he was filling this tire he knew tires could explode and he has read about tires exploding; that he just took it for granted the tire would not explode; that he did not realize how much danger there was in inflating a (truck) tire; that a tire is more likely to explode at maximum inflation if it has some defect or hazard; that he inspected the tire visually and by touch before inflating it and found no defect; that the tire blew up because it had a defect in the sidewall; that even if a tire has a "little air hole, it could have been a small pinhole," factory-type or other defect, the air could escape to the outside of the tire where the rubber is thin causing pressure on the defect; and that "sometimes they [tires] do [have this type of defect]."

The trial court stressed in its order that the National Safety Administration Reports reports evidence reflecting that only 91 accidents had been *reported* as occurring to such single-rim tires, during servicing, during the decade of 1970-1980. (Of those cases which had been reported 15 were fatalities.) Suffice it to say that even if there were no prior reported cases this alone would not preclude foreseeability. " ' " " 'The mere fact that a particular kind of an accident has not happened before does not . . . show that such accident is one which might not reasonably have been anticipated.' " ' " *Gilbert v. CSX Transp.*, 197 Ga. App. 29, 31 (2) (397 SE2d 447).

" ' " " 'In order for a party to be liable . . . for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result.' " ' " *Georgia Osteopathic Hosp. v. O'Neal*, 198 Ga. App. 770, 776 (9) (403 SE2d 235). We cannot conclude as a matter of law from the evidence of record that negligence has or has not occurred, or that any particular act, if negligent, was or was not a sole or concurring proximate cause of the injuries allegedly sustained. Whether there has been negligence and whether there was a causal relation and proxi-

mate cause to the alleged injuries are questions of fact for jury resolution, except where the circumstances are such that they will support but one result. *Lewis v. Harry White Ford*, 129 Ga. App. 318, 320 (3) (199 SE2d 599). Such was not the case here.

(b) Likewise, we find that a jury question exists regarding the issues of assumption of risk, contributory negligence, and diligence for one's own safety. " '[M]ere knowledge of the danger of doing a certain act, without a full appreciation of the risk involved, is not sufficient to preclude a plaintiff from recovery, even though there may be added to the knowledge of danger a comprehension of some risk. It is still in most cases a question of fact whether, taking into account all the circumstances, including the knowledge and appreciation as well as every other material condition, the plaintiff is guilty of such negligence as to preclude recovery.' " *Scott v. Rich's*, 47 Ga. App. 548, 551 (171 SE 201). Here, appellant James Wade was merely aware that tires can explode; the record fails to establish that he fully comprehended and appreciated the risk involved so as to sustain a motion for summary judgment. "It has repeatedly been held that 'mere knowledge' of the existence of a dangerous or defective condition does not necessarily constitute 'full appreciation of the risk involved.' " *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139, 140 (351 SE2d 477). Moreover, the record fails, for example, to demonstrate exactly when appellant first observed the tire, how far his body was from the tire when he first observed it, when (if ever) he recognized it as a truck tire, or how much time elapsed from his recognition of the tire as a truck tire (if ever) until the tire exploded. The record does, however, reflect that appellant was walking away from the area when the mechanic asked him what type of car he had, thereby contributing to appellant's stopping to respond to the question immediately after which he was injured. Conversely, the record reflects that appellees were aware that the tire was a truck tire, and that truck tires can have pin-sized defects, which can explode and injure people. " ' "Only in clear and palpable cases, where it appears that one recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger, will he be barred from recovery as a matter of law; otherwise, the question of what negligence, as well as whose negligence is responsible for the injury is a jury question." ' " *Oliver v. Complements, Ltd.*, 190 Ga. App. 30, 32 (378 SE2d 154); compare *Moore v. Svc. Merchandise Co.*, 200 Ga. App. 463, 464 (408 SE2d 480) (assumption of risk applies only when full appreciation of danger without restriction from freedom of choice).

(c) Whether inflating the truck tire was a dangerous act, and if so, whether and how appellees failed to *prevent* injury to the licensee (see Division 2c) are matters for the jury to decide. For example, was it negligence not to inflate the tire in the shop where only employees

were allowed; was it negligence to allow a person near the truck tire while it was being inflated? The trial court's conclusion that plaintiffs failed to create a genuine issue of "liability on the part of the defendants" is not supported by the record before us.

(d) In view of the above, and applying the standards set forth in Division 1, we find that the trial court erred in granting summary judgment to appellees.

(e) As to the duty owed by a landowner to an invitee, see generally OCGA § 51-3-1; *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293 (322 SE2d 737); see also *Georgia Farmers Mkt. Auth. v. Dabbs*, 150 Ga. App. 15, 16 (2) (256 SE2d 613); *Tybee Amusement Co. v. Odum*, 51 Ga. App. 1 (1a) (179 SE 415).

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED OCTOBER 28, 1992 — RECONSIDERATION DENIED NOVEMBER 17, 1992 

*J. Hugh Gordon*, for appellants.

*Fred W. Rigdon, Jr., Davis, Gregory & Christy, Gary C. Christy*, for appellees.