A97A0238. HARTLEY et al. v. MACON BACON TUNE, INC.
(507 SE2d 259)

Judge Harold R. Banke.

Robin T. Hartley and his wife, Teresa L. Hartley, sued Macon Bacon Tune, Inc., d/b/a Precision Tune ("Precision Tune") for personal injuries and loss of consortium respectively after Robin Hartley allegedly sustained injuries from a slip and fall at Precision Tune. The Hartleys (collectively "Hartley") appeal the trial court's grant of summary judgment.

Viewed in the light most favorable to Hartley, the evidence was as follows. On a rainy weekend, Charles Marsh picked up Hartley to go to a mall. While en route, Marsh experienced some mechanical difficulty with his vehicle and they proceeded to Precision Tune where Marsh sought out his son-in-law, Curtis Moss, a mechanic, to diagnose the trouble. Moss directed them and the car into a service bay. As Marsh and Moss investigated the problem with the hood upraised, Hartley attempted to join them. Hartley exited the vehicle and started walking toward Moss, who saw him reach the front corner of the car then suddenly slip and fall, landing on his back. Hartley stated that he slipped on some light colored liquid which appeared to be new oil. Moss testified, "[w]hen I picked him up off the floor and got him a chair, I did notice some fluid and water on the floor."

Moss, Precision Tune's shop manager, testified that the shop had no set hour or times for inspection and the general procedure was "to straighten up and make sure it was spotless" at the end of the day. He admitted that he had not instructed anyone to mop or sweep that particular day and that he had not inspected the floor before Hartley arrived. According to Moss, rainwater was on the floor because every time a car came in, water dripped off the car. Moss also testified that he routinely allowed customers to remain in the service bay area to watch him work on their cars.

Precision Tune offered the testimony of Jimmy Davidson, a salesman who arrived after Hartley fell. Davidson, who regularly transacted sales with the owner, claimed that the floor was obviously wet from rainwater. Although Davidson testified that he overheard Moss tell Hartley, "I told you, you were too drunk to be walking around this wet floor with those flip-flops on," he admitted that he could not honestly say that Hartley appeared to have been drinking.

Precision Tune moved for summary judgment on several grounds. It contended that Hartley failed to show it wilfully or wantonly caused his injury, it exercised due care in keeping its premises safe to the general public, and Hartley failed to exercise ordinary care for his own safety. The trial court awarded summary judgment as a matter of law. *Held*:

We have carefully reconsidered this case in light of *Robinson v. Kroger*, 268 Ga. 735 (493 SE2d 403) (1997).[1] *Robinson* is, of course, binding precedent. Ga. Const. 1983, Art. VI, Sec. VI, Par. VI; *Coffey v. Wal-Mart Stores*, 224 Ga. App. 824, 827 (2) (482 SE2d 720) (1997). Although this case may well result in a defense verdict, we believe

---

[1] The Supreme Court vacated *Hartley v. Macon Bacon Tune*, 227 Ga. App. 679 (490 SE2d 403) (1997) due to that decision.

that material issues of disputed fact foreclosed summary judgment.

Hartley's legal status under OCGA §§ 51-3-1; 51-3-2 is an issue remaining to be tried. Although Precision Tune contends that Hartley was a trespasser or a licensee, Hartley asserts that he was an invitee, lawfully on the business premises in connection with the repair of Marsh's vehicle and "for the purpose of shopping for and assessing the business' service and parts prices."[2] Pretermitting any decision about Hartley's status, summary judgment was not appropriate even assuming without deciding that Hartley was a licensee.[3] *Bishop v. Mangal Bhai Enterprises,* 194 Ga. App. 874, 876 (2) (392 SE2d 535) (1990).

An owner or occupier is subject to liability to a licensee for injury caused by a condition on the property, but only if the owner (a) knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to the licensee, and should expect the licensee will not discover or realize the danger; and (b) fails to exercise reasonable care to make the condition safe or to warn the licensee of the condition and risk involved. *London Iron &c. Co. v. Abney,* 245 Ga. 759, 761 (2) (267 SE2d 214) (1980); *Bunch v. Stanton,* 174 Ga. App. 233, 235 (1) (329 SE2d 538) (1985). See *Patterson v. Thomas,* 118 Ga. App. 326, 328 (163 SE2d 331) (1968) (jury question as to whether defendant created unreasonable risk for licensee who slipped on rug placed on slippery floor).

Where an injury is caused by a condition on the property, the act of the owner must be a wilful and wanton act in order for an injured licensee to recover. *Brooks v. Logan,* 134 Ga. App. 226, 228 (1) (213 SE2d 916) (1975). However, it is usually wilful or wanton not to exercise ordinary care to prevent injury to a person who is known to be or may reasonably be expected to be within a hidden peril on one's premises. *Brooks,* 134 Ga. App. 228 (1).

After the presence of a licensee is known, he must be treated with the same care as an invitee as to active negligence, and he must be warned by the exercise of ordinary care as to hidden dangers. *Cooper v. Corp. Prop. Investors,* 220 Ga. App. 889, 891 (470 SE2d 689)

---

[2] Under the Restatement, Torts 2d § 332 (3) (Invitee Defined), according to the commentary, Hartley was an invitee. "It is not necessary that the visitor shall himself be upon the land for the purposes of the possessor's business. The visit may be for the convenience or arise out of the necessities of others who are themselves upon the land for such a purpose." Restatement, Torts 2d, § 332, Comment on (3) (g). "[A] child taken by a mother or nurse to a shop is a business visitor; and this is true irrespective of whether it is necessary for the customer to take the child with her in order to visit the shop." Id.

[3] Although the owner of Precision Tune asserted that he had instructed Marsh not to come on the premises, Moss flatly denied that claim. Moss disclosed that when an investigator had come to take a recorded statement about the incident, "[e]verybody in the shop decided we didn't see anything." This factual dispute regarding Hartley's status precludes summary judgment. *Bishop,* 194 Ga. App. 876 (2).

(1996); *Wade v. Mitchell*, 206 Ga. App. 265, 267 (2) (c) (424 SE2d 810) (1992). Thus, after Precision Tune knew that Hartley was on its premises, it was required to use ordinary care and diligence to avoid injuring him. See *Moon v. Homeowners' Assn. &c.*, 202 Ga. App. 821, 823 (2) (415 SE2d 654) (1992); Adams & Adams, Ga. Law of Torts (1996 ed.), § 4-4, p. 108. Inasmuch as the evidence is disputed as to whether the water and oil came to be on the floor while Hartley was on the premises, we cannot say that the active negligence cases do not apply. *Trammell v. Baird*, 262 Ga. 124, 126 (413 SE2d 445) (1992).

Notwithstanding Precision Tune's claim, no admissible evidence showed that Moss instructed Hartley to remain inside the car or warned him to watch his step. Davidson's testimony as to what he purportedly overheard was inadmissible hearsay. *Matthews v. Wilson*, 119 Ga. App. 708, 711 (168 SE2d 864) (1969).

Even if Precision Tune lacked actual knowledge of the hazard, constructive knowledge may be inferred when there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could have noticed and removed the hazard or the owner lacked a reasonable inspection procedure. *Food Giant v. Cooke*, 186 Ga. App. 253, 254 (1) (366 SE2d 781) (1988). Here, it is undisputed that Moss was in the immediate area of Hartley's fall, and was watching Hartley as he suddenly slipped. Precision Tune offered no evidence that it had inspected the floor prior to Hartley's arrival or that anyone had been instructed to mop or sweep it. According to Moss, Precision Tune had no regular inspection policy other than to tidy up before the employees left for the day. Whether the concurrent acts or omissions of failing to remove the rainwater that allegedly dripped from Marsh's car or other vehicles or failing to discover and remove the other fluid from the garage floor constituted such negligence as would give rise to liability must be resolved by a jury. See *Wade*, 206 Ga. App. at 270 (4) (b) (distinguishing between pre-existing hazards and those arising after plaintiff's arrival).

If it is determined that Hartley was a licensee, then evidence of Precision Tune's imputed superior constructive knowledge will not save Hartley's case, if the risk was not an unreasonable one. But a jury must decide whether Precision Tune should have realized the existence of an unreasonable risk to Hartley, if, in fact, this purported hazard constituted such a risk, and whether Precision Tune failed to exercise ordinary care to make the condition safe or to warn Hartley. *Abney*, 245 Ga. at 761 (2). Even assuming solely for the sake of argument that Precision Tune had a customary goal of "tidiness," that fact, without more, is not sufficient to negate the possibility that on this specific occasion a deviation from that procedure occurred. *Burke v. Bi-Lo*, 212 Ga. App. 115, 117 (441 SE2d 429) (1994).

Precision Tune contends that Hartley was negligent for wearing flip flops, consuming alcohol, and failing to observe the substance on its floor. It claims that Hartley's failure to exercise ordinary care for his own safety, entitled it to summary judgment. But questions of negligence, contributory negligence, diligence, and the exercise of ordinary care are solely for the jury except in plain and indisputable cases. *Pique v. Lee*, 218 Ga. App. 357, 358 (461 SE2d 302) (1995); *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 295 (322 SE2d 737) (1984). This is not such a case. *Robinson*, 268 Ga. at 743 (1).

*Judgment reversed. Pope, P. J., Johnson, P. J., Blackburn, Ruffin and Eldridge, JJ., concur. Andrews, C. J., dissents.*

ANDREWS, Chief Judge, dissenting.
This appeal was previously decided by this Court in a seven-judge opinion in *Hartley v. Macon Bacon Tune*, 227 Ga. App. 679 (490 SE2d 403) (1997). The Supreme Court granted a petition for writ of certiorari, vacated our judgment in the case, and remanded the case to this Court "for reconsideration of the merits of petitioner's appeal in light of our holding in *Robinson v. Kroger Co.*, [268 Ga. 735 (493 SE2d 403) (1997)]." Unpublished order of the Supreme Court dated January 23, 1998.

In *Robinson v. Kroger Co.*, the Supreme Court reaffirmed that "in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Id. at 748-749. "*Robinson* also confirmed that under *Lau's Corp. v. Haskins*, [261 Ga. 491 (405 SE2d 474) (1991)] a defendant moving for summary judgment 'need no longer affirmatively disprove the nonmoving party's case; instead the burden on the moving party may be discharged by pointing out by reference to the record that there is an absence of evidence to support the nonmoving party's case.' (Citations and punctuation omitted.) *Robinson*, supra, 268 Ga. at 747; [cit.]. Although *Robinson* readjusted this burden with regard to the second element of the cause of action (whether plaintiff lacked knowledge of hazard despite ordinary care), the burden remained the same with regard to the first element. *Robinson*, supra, 268 Ga. at 747-748. Where defendant points to an absence of evidence on the first element, plaintiff must present evidence the defendant had superior actual or constructive knowledge of the hazard, or else suffer summary judgment. [Cits.]" *Hardee's Food Systems v. Green*, 232 Ga. App. 864-865 (502 SE2d 738) (1998).

In *Hartley*, we concluded that the evidence showed as a matter of

law that the proprietor, Macon Bacon Tune d/b/a Precision Tune, was entitled to summary judgment under the second element of the cause of action. As to the second element, we noted that Hartley admitted he could have seen the puddle of oil before he stepped in it if he had been looking down at the floor, and that nothing prevented him from seeing the puddle. Id. at 680. Based on this admission, we concluded that, whether Hartley was considered to be a licensee or an invitee, he could not recover because, by not looking where he was stepping, he failed to exercise ordinary care for his own safety. Id. at 681-684.

In light of *Robinson v. Kroger Co.*, our conclusion under the second element of the cause of action cannot stand. In *Robinson*, the Supreme Court stated that: "[W]e must disapprove of the appellate decisions which hold as a matter of law that an invitee's failure to see before falling the hazard which caused the invitee to fall constitutes a failure to exercise ordinary care. We also take issue with the Court of Appeals' holding in the case at bar that an invitee fails to exercise ordinary care for personal safety as a matter of law when the invitee admits she failed to look at the location where she subsequently placed her foot. Demanding as a matter of law that an invitee visually inspect each footfall requires an invitee to look continuously at the floor for defects, a task an invitee is not required to perform . . . since the invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe for the invitee and continues to exercise such care while the invitee remains on the premises." 268 Ga. at 743. Accordingly, I agree with the majority that a reconsideration in light of the holding of *Robinson v. Kroger Co.* requires that we conclude a jury issue is presented as to whether Hartley exercised ordinary care for his own safety under the second element of the cause of action.

However, we also concluded in *Hartley* that Precision Tune was entitled to summary judgment under the first element of the cause of action (whether Precision Tune had actual or constructive knowledge of the hazard). As to the first element, we concluded that "the record shows that Hartley produced no evidence that Precision Tune had actual or constructive knowledge of any oil on the floor. . . ." 227 Ga. App. at 681. We further stated: "Because Precision Tune discharged its burden under *Lau's Corp.* by showing there was no evidence in the record to show that it had actual or constructive knowledge of the substance on the floor, Hartley could not rest on his pleadings, but was required to point to specific evidence giving rise to a triable issue on the superior knowledge issue. *Lau's Corp.*, supra at 491. As Hartley did not do so, the trial court did not err by granting summary judgment to Precision Tune." Id. at 685.

There is nothing in *Robinson v. Kroger Co.* which could cause this Court to reconsider and change the conclusion it reached in

*Hartley* that Precision Tune was entitled to summary judgment under the first element of Hartley's slip and fall action. As this Court has recognized, *Robinson* adjusted the second prong of the slip and fall cause of action dealing with the plaintiff's knowledge of the hazard, but left intact the first prong dealing with the defendant proprietor's knowledge of the hazard. "[C]areful examination of *Robinson* reveals that the focus of the Supreme Court's analysis of the burden of proof in slip and fall cases was on the second prong of the elements of a foreign substance slip and fall cause of action concerning the plaintiff's knowledge of the foreign substance (see *Alterman Foods v. Ligon*, 246 Ga. 620, 623-624 (272 SE2d 327)) and not the defendant's actual or constructive knowledge of the foreign substance which falls within the first prong. See *Robinson v. Kroger*, supra at 746-747. . . . Consequently, we find the Supreme Court's decision in *Robinson* did not change either the first prong of a plaintiff's cause of action under *Alterman Foods* or the burden on movants for summary judgment on the first prong as established in *Lau's Corp. v. Haskins*, supra." *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 680 (498 SE2d 748) (1998).

As noted above, the Supreme Court's remand order to this Court stated that this case was remanded "for reconsideration of the merits of petitioner's appeal in light of our holding in *Robinson v. Kroger Co.*" Nothing in *Robinson v. Kroger Co.* requires any change in our previous decision to affirm the grant of summary judgment to Precision Tune under the first prong of the cause of action dealing with whether Precision Tune had actual or constructive knowledge of the hazard. Nevertheless, the majority now reverses our previous decision on the first prong for reasons which have nothing to do with *Robinson v. Kroger Co.*

Without explanation, the majority has concluded that our previous decision misstated critical facts related to whether Precision Tune had constructive knowledge of the hazard under the first prong. In our previous decision, we clearly held by a five vote majority that "the record shows that Hartley produced no evidence that Precision Tune had actual or constructive knowledge of any oil on the floor. . . ." *Hartley*, 227 Ga. App. at 681. The present majority now concludes to the contrary that there is evidence in the same record sufficient to establish constructive knowledge on the basis that an employee of Precision Tune was in the immediate area of the hazard and could have easily seen and removed the hazard. *Banks v. Colonial Stores*, 117 Ga. App. 581, 584-585 (161 SE2d 366) (1968).

The record does not support this conclusion. Hartley was a passenger in the car when the driver pulled the car into the mechanic's bay so the car could be checked out by a Precision Tune mechanic. The mechanic was standing in front of the car and moved up to the

car to get the hood open as it came to a stop. The mechanic was standing in front of the car with the hood up doing a visual inspection of the car when Hartley exited the car from the passenger side. From where the mechanic was standing in front of the car, he could not see Hartley's legs as he walked from the car. The mechanic testified that he had not done any visual inspection of the floor prior to Hartley's slip and fall and that he did not see the floor before Hartley got out of the car. Hartley walked toward the front of the car and the mechanic saw him slip and fall at "the corner of the vehicle." Hartley testified that he got out of the car, closed the door, "and started walking around to the front and stepped in some oil or something and fell, and [the mechanic] come around there and helped me up. . . ." These facts support this Court's previous factual determination, and show that the Precision Tune mechanic was not in a position where he could have easily seen and removed the hazard before Hartley slipped and fell. "Showing that an employee was merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it." (Citation and punctuation omitted.) *Haskins v. Piggly Wiggly Southern*, 230 Ga. App. 350, 352 (496 SE2d 471) (1998); *Hardee's*, 232 Ga. App. at 866-867. The Supreme Court did not remand this case to give this Court an opportunity to contradict itself on a factual matter unrelated to any reconsideration of the case in light of *Robinson v. Kroger Co.*

The majority further concludes that, because Precision Tune did not offer evidence of compliance with a reasonable inspection procedure, this failure to produce evidence was sufficient to create a jury issue as to whether Precision Tune had constructive knowledge of the hazard. Once again, the majority has reversed this Court's previous holding on a first prong issue that has nothing to do with a reconsideration of this case in light of *Robinson v. Kroger Co.* As we stated in our previous decision in *Hartley*, under the Supreme Court's ruling in *Lau's Corp.*, Precision Tune had no burden to produce evidence to negate Hartley's claim that it had constructive knowledge; rather, it was entitled to rely on the absence of evidence in the record sufficient to show that the hazard had been on the floor long enough to have been discovered by a reasonable inspection. *Lau's Corp.*, 261 Ga. at 491, 495. In other words, as the Supreme Court held in *Lau's Corp.*, a defendant moving for summary judgment who does not carry the burden of proof at trial is not required to produce evidence that its alleged negligence was not the proximate cause of the plaintiff's injury. Id. at 495. Rather, the defendant may demonstrate by reference to the record that there is an absence of evidence sufficient to establish that its alleged negligence was the proximate cause of the plaintiff's injury. Id.

The record shows that there was an absence of evidence of how long the hazard was on the floor before Hartley stepped on it. Under *Lau's Corp.*, Precision Tune was entitled to point out by reference to the record that, even if it did not produce evidence of compliance with a reasonable inspection procedure, there is no evidence that the hazard had been on the floor long enough to have been discovered by a reasonable inspection. Without any evidence of how long the hazard had been on the floor, there is no reasonable basis for a trier of fact to conclude that it had been there long enough for knowledge of it to be imputed to Precision Tune. Without such evidence, logic dictates that no trier of fact could conclude, without speculating, that Precision Tune's failure to adhere to reasonable inspection procedures was the proximate cause of Hartley's slip and fall. As we stated in our previous *Hartley* decision, "Hartley also had the burden of showing that the oil was on the floor for a length of time sufficient for knowledge of the oil to be imputed to Precision Tune before Precision Tune had any obligation to show its inspection and cleaning procedures." *Hartley*, 227 Ga. App. at 685. We reaffirmed this holding in our recent seven judge decision in *Sharfuddin*, where we stated that "[c]ases holding that a proprietor must first show that a reasonable inspection and cleaning program was used before the plaintiff is required to show how long the substance was on the floor either were decided before *Lau's Corp.* eliminated the burden on movants to establish the nonexistence of any genuine issue of material fact or disprove the plaintiff's cause of action, or were decided after *Lau's Corp.* but erroneously relied upon implicitly overruled authorities decided before the decision in *Lau's Corp.*" (Citation and punctuation omitted.) *Sharfuddin*, 230 Ga. App. at 686. Our whole court decisions in *Blake v. Kroger Co.*, 224 Ga. App. 140, 142-150 (480 SE2d 199) (1996) and *Johnson v. Autozone*, 219 Ga. App. 390, 393 (465 SE2d 463) (1995) reached the same conclusion. Similarly, in our nine judge whole court opinion in *Moore v. Kroger Co.*, 221 Ga. App. 520, 521 (471 SE2d 916) (1996), we addressed a slip and fall claim against Kroger in which Kroger produced no evidence that it had complied with reasonable inspection procedures. In concluding that the record failed to support the plaintiff's claim that Kroger had constructive knowledge of the hazard, we held: "There is no evidence even suggesting that the foreign substance was on the floor for a length of time sufficient for knowledge of its presence to be imputed to Kroger such as would give rise to a finding of constructive knowledge of the hazard." Id. at 521. In *Haskins v. Piggly Wiggly*, 230 Ga. App. at 351, we reached this conclusion again on similar facts. There was no evidence of Piggly Wiggly's compliance with reasonable inspection procedures, yet we found no basis for concluding that Piggly Wiggly had constructive knowledge of the hazard because "Haskins failed to offer any evi-

dence even suggesting that the foreign substance was present for a sufficient time for knowledge of its presence to be imputed to Piggly Wiggly." Id. at 351.

I am aware that our recent whole court decision in *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29 (500 SE2d 353) (1998) relied upon a line of cases decided by this Court holding that "in order to withstand a motion for summary judgment, a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident." Id. at 30. I pointed out in my dissent in *Straughter* that the cases relied upon by the majority are no longer valid because they derive their authority from pre-*Lau's Corp.* summary judgment procedure. *Straughter*, 232 Ga. App. at 33-40 (Andrews, C. J., joined by Birdsong, P. J., dissenting). By requiring the defendant proprietor to produce evidence to negate the plaintiff's claim that the proprietor had constructive knowledge of the hazard, these cases violate the principle established in *Lau's Corp.* and reaffirmed in *Robinson v. Kroger Co.*, that a defendant moving for summary judgment who will not bear the burden of proof at trial has no burden to produce evidence to negate the plaintiff's claim; rather, the defendant may rely on the absence of evidence in the record sufficient to establish the plaintiff's claim. I also pointed out in *Straughter*, as I do so again here, that the cases relied upon by the majority are directly contradicted by other decisions of this Court which recognize and apply the principle established in *Lau's Corp.*

As the majority in *Straughter* failed to do, the present majority has failed to acknowledge or address the contradictory authority published by this Court on this issue. I once again point out to the majority that this Court has a duty to forthrightly address and resolve the contradiction in its decisions.

DECIDED SEPTEMBER 25, 1998 —
RECONSIDERATION DENIED OCTOBER 22, 1998.

*Nelson & Lord, Ellis M. Nelson*, for appellants.
*Katz, Flatau, Popson & Boyer, Barbara S. Boyer*, for appellee.