Kohn *vs.* Lovett.

---

M. KOHN, plaintiff in error, *vs.* G. B. LOVETT, defendant in error.

Where A, who was the owner of a storehouse and lot in the city of Rome, left, at the rear of such storehouse, an excavation walled up for the purpose of giving light to the cellar of such storehouse, and B, who, on an alarm of fire, went down to the storehouse adjoining the house in which the fire was, and entering at the front door went through the store, and going through the back door turned off the gangway, across the opening, and fell in and was injured :

*Held,* That the digging of an open space in the rear of the storehouse by A upon his own ground was a lawful act by him, and he had the right to keep it there as an appurtenant right for the use of his property, and B falling in by accident, the same not being near to a public street or crossing, gave no right to recover damages from A as a wrongdoer in the premises, and B going there on account of the fire did not change the rule.

When the charge of the Court and refusal to charge, misconceived the law of the case, and the Court refused a new trial :

*Held,* That this was error.

Nuisance. Highways. Negligence. Before Judge KIRBY. Floyd Superior Court. July, 1870.

Kohn *vs.* Lovett.

Broad street and Green street, Rome Georgia, are parallel, and about one hundred and fifty or two hundred feet apart. Kohn owned a store fronting on Broad street and running back from seventy-five feet to one hundred feet. At its rear was an excavation, about ten feet deep and about the same width. It was made to light the cellar, and had been there many years, unguarded. It was covered only by a plank walk, as wide as the back door. For over a year the house and cellar had been in the possession of Kohn's tenant, who had frequently told Kohn said place was dangerous. But no one fell into it till Lovett fell in one night, as he was rushing through the store to a fire on premises in the rear. Lovett was severely injured by the fall, and sued Kohn for damages. The Court was requested to give certain charges to the jury, but refused. These and what he did charge appear in the motion for a new trial. Lovett obtained a verdict for $2,000 00. Kohn moved for a new trial upon the following grounds:

1st. Because said verdict is contrary to the evidence.

2d. Because said verdict is strongly and decidedly against the weight of evidence.

3d. Because said verdict is contrary to law, and contrary to the law governing the evidence in said *cause*.

4th. Because the verdict of the jury and damages given by the jury to plaintiff are excessive, and not justified by the evidence and law applicable to the *cause*.

5th. Because the Court erred in refusing to give the jury the following charges, having been requested to do so in writing :

" 1st. That if the plaintiff, Lovett, excited by being suddenly aroused from sleep by alarm of fire, ran into a house seventy-five or eighty feet long, occupied at the time; rushed to the back part of it, and finding back door closed, turned and went back to front again, and again turned, on another alarm, went back and found the back door open; and, under excitement, passed out on to a platform over an excavation

immediately in rear of the house, and seventy-five or eighty feet from either highway, and obliqued to the left, and fell into the excavation, the premises being then, and having been for many months occupied by other parties than defendant, the defendant is not liable for any damage plaintiff may have received.

2d. If said premises had been occupied for more than thirteen months by other parties, who had sub-let the property, said parties were the temporary owners or purchasers of said property, and if anybody was liable, it was said parties, and not the defendant.

6th. Because the Court erred in not giving the following charges as requested, (the same being in writing,) without qualification or addition thereto, to-wit:

1st. "Where an excavation is made near to, but not substantially adjoining a public highway, at common law no action lies against the owner of the land by a person who has strolled off the highway and fallen into such excavation." (Section 4, Hurls and Norman, page 67.) The Court added, " I give you this as the law, gentlemen of the jury, with these qualifications: that if the plaintiff was on the premises for the purpose of aiding in stopping a conflagration, and fell into a pit or excavation left unguarded, the defendant is liable, and you must find for the plaintiff, if the proof is that plaintiff was damaged." And farther, " I charge you that the streets of an incorporated city are different from an ordinary highway, as everybody is obliged to pass along them."

" 2d. The occupant of land is under no obligation to strangers to place guards around excavations made by him, unless such excavations are so near a public way as to be dangerous under ordinary circumstances to persons passing upon the way, and using ordinary care to keep upon the proper path. When the excavation is at a considerable distance from the proper path or street, the owner or occupant is not liable to a stranger falling therein, whether consciously

or unconsciously off the path." The Court said : " I charge you, gentlemen, that this is the law with the qualifications in the last preceding charge."

7th. Because the Court erred in giving the following charges to the jury, at the request, in writing, of the plaintiff's counsel:

1st. " That a party cannot permit an excavation to remain unguarded on land which he has expressly or impliedly thrown open to the public, or which abuts on a public highway, without being answerable for the consequences," defendant's counsel insisting that there was no evidence to show that defendant had ever expressly or impliedly thrown open the interior, or any portion of his lot to the public, or that the excavation or pit, into which plaintiff fell, abuts on a public highway, but to the contrary, that said excavation was about the centre of the lot, immediately in rear of the store house, seventy-five or eighty feet from either public highway, and has been there, in its present condition for more than twelve years.

2d. " That if Lovett was on the premises of Morris Kohn, the defendant, for the purpose of saving the house from burning, or aiding in stopping a fire in an adjoining house in the city of Rome, he, Lovett, was not an intruder or trespasser."

3d. " That if the plaintiff, being on the premises, on lawful business, in the course of fulfilling his duty, in which the owner has an interest, without negligence on his part, falls into a pit, left open and unguarded by the owner, the owner is liable."

4th. " That if the jury believe, under the law and evidence, that the plaintiff is entitled to recover, and is without fault himself, he is entitled to recover such damages as will compensate him for the injury received, and his sufferings mental and physical;" defendant's counsel insisting, that there was no proof as to the amount of damage, if any, received by plaintiff, or of the value of his employment, or of his sufferings, physical or mental, and no opinion given by

any witness as to their value, or as to the amount of damage he is entitled to, if any."

5th. "If the plaintiff, on a dark night, while passing the vicinity of the excavation or pit, for necessary or lawful purposes, and there being no fence or barrier across it, fell into it, and was injured; the defendant, if he is owner, is liable."

8th. Because the Court erred in giving the following charge:

"The law of this case is, that the defendant may have been guilty of negligence without any liability to plaintiff, if the plaintiff was not exercising ordinary diligence when he received the injuries. To render the defendant liable for injuries to persons in cases like this, he, the defendant, must have been guilty of negligence, and the plaintiff must have exercised ordinary diligence and caution. If the plaintiff was a trespasser upon the premises of defendant, or if he was not a trespasser and did not use ordinary diligence, the defendant is not liable. If he had the right to go upon the premises and received any injuries by the neglect of the defendant, he is liable to the plaintiff for whatever you may find to be the value of the injuries done him. If, in an incorporated city, upon the alarm of fire, a person enter upon the premises of another, for the purpose of extinguishing it, and is injured by falling into an excavation left unguarded or unfenced, by the negligence of the defendant, he is liable." (See this case 43 Georgia Reports, 179.)

DUNLAP SCOTT, for plaintiff in error, on the main question, said Kohn used his property lawfully and not negligently: Cro. James, 158; 17 John R., 100; 1 Pick. R., 418; Comyn's Dig., Nuisance (c); 1 Roll. Abr., 88. The Court should have charged as requested, without qualification: 4 Hurls. & Norm., 67; Sherman & Redfield, sec. 505; 10 Metcalf, 371; 12 Mass. R., 222. As to negligent use of one's property, see authorities just cited. Lovett was negligent: 2 Gr. R., 310; 32 Maine R., 574, 46, 536; 8 Mich. R., 388. The tenant, and not owner, is liable: 4 Term R., 318;

27 Penn. R., 183; Taylor's L. & T., 109; 14 Ga. R., 259, 266.

UNDERWOOD & ROWELL, for defendant in error, as to Kohn's liability, cited R. Code, sec. 2902; Sherm. & Red. on Neg., 571; 4 Best & Sm. Enc. L. R., 149; Exodus, 21st ch., 33, 34; 26 U. S. Dig., 385; 38 Ga. R., 346; 39th, 729; 22 U. S. Dig., 421; 16 Ind. R., 314. What is public nuisance is for the jury: 1 Burr R., 337; 4 Esp. R., 200; 1 Strange, 586; Bouv.'s L. Dic., "Nuisance;" 7 Ga. R., 296; 28th, 399. Distance from highway not material: 30 Conn. R., 535; 1 Am. L. Cases, 651; 9 C. & B., 392; 23 Penn. R., 209. Both owner and lessee are liable: Sherm. & Red. on Neg., 560, 565, secs. 502, 361; Taylor's L. & Tenant, 124, sec. 175, note 2. Negligence is fact for jury to find: 19 Conn. R., 566; 5 Moore's P. C. Cases, 110; 32 Barb. (N. Y.) R., 81; 13 Ga. R., 370.

LOCHRANE, Chief Justice.

This was an action brought by Lovett, to recover damages from Kohn. The jury found for the plaintiff $2,000 00, and the Court overruled a motion made for a new trial upon several grounds in the case.

It appears that Kohn was the owner of a storehouse in the city of Rome, that in the rear of the house there was an excavation dug out to give light to the cellar, some six or seven feet wide, ten feet deep, and running back across the whole width of the house. Lovett, being aroused by an alarm of fire, went down to it in the house adjoining the store of Kohn, and going through Kohn's store from the front, he went out of the back door, and, turning off some plank, fell into the excavation and was personally injured. This excavation was some seventy-five or one hundred feet from the street or highway. Was Kohn liable to Lovett for damages under the facts? For this question settles the balance of the questions presented by the record. We have ex-

amined the various authorities upon the subject of damages, and recognize the learned labor expended upon the question in the brief of the defendant in error. But in the view we take of this case, it is compressed into a short compass; the principle of law that controls it is plain and easily understood. And we premise by saying, if the act is actionable, the right of suit lies against the owner of the property, and not the lessee or tenant. For the tenant's liability arises out of some fault or neglect of his, and not for the original defect existing at the time of his lease.

The naked question of this case is, had Kohn the right to dig in rear of his store an excavation to give light into his cellar? If he did, and the act was the exercise of a lawful right, he is not liable for damages. If he did not have the right, and it was an illegal exercise of his dominion over his own property, he is liable. Whether he did or did not have the right depends upon other circumstances. In the first place, a man has no right to dig a pit on his own land so near a public highway that a passer-by may be injured ; he may not use his own property so as to injure, or cause, by his negligence, injury to others. These principles are settled. Does a cellar light off a street and not near to a highway come within the principle? Kohn would be liable if the act was not lawful, and he would be still liable if the act was done with negligence, so that passers-by might be injured. After consideration of the authorities, we are of opinion that Kohn had the right to dig this opening in the rear of his store, and that its being off the street some one hundred feet, and not near to any pass-way, where it would have been dangerous, under ordinary circumstances, to persons passing, he was not guilty of actionable negligence in the premises. And the fact that Lovett went down to aid in extinguishing a fire does not affect the question. He went through the store from the front door, and unfortunately fell into the opening. But the right of the owner of land cannot be abridged by accidents which may happen. A man may dig upon his own

soil away from a highway, and his right is not subject to abridgment by parties happening to go out of their way into his farm and falling into it.   And the great right which every man has to be protected in life and limb, and which makes every one who, culpably, by his negligence, deprives him of these blessings, liable to make compensation in damages, does not enhance and is not infringed by the absolute rights which every man, upon his own land, has to make such improvements as he may please to have, provided they are not near a highway or place where parties passing by may, with ordinary care, get out of the way and be injured. Under the facts here in the case at bar, we think that he placed the opening, walled up, behind his store, for useful and legitimate purposes.   He had a right to do what he did, and Lovett, going down there in the manner he did, and running through the store, has no right of action.   This opening occupied the same condition legally that a trap door open to his cellar would, into which, if going through, he fell, and in regard to which it would be *damnum absque injuria.*

And we therefore hold the Court erred in his charges to the jury, and in refusing a new trial, and we reverse the judgment upon that ground.