2100.    GARNER *v.* TOWN OF EAST POINT *et al.*

HILL, C. J.  A, the owner of a mule, hired it to B, who placed it in an ordinarily safe inclosure. The mule broke out of this inclosure at night and wandered on to an uninclosed vacant lot of C, then in the possession of D as a tenant. The vacant lot was in the town of East Point. On this vacant lot was an old unprotected well, into which the mule fell, and he was killed. Suit for the value of the mule was brought by A against the town and against B, C, and D, as joint tort-feasors.  *Held:* ·The action did not lie, and a nonsuit was properly granted. The town was not liable, because the accident was not on the highway. The owner of the vacant lot, or his tenant, was not liable, because as to them the mule was a trespasser, and they owed no duty to the owner thereof to keep the well inclosed. The hirer of the mule was not liable, because he placed the mule in an ordinarily safe inclosure. The inherent viciousness of the mule alone was the proximate cause of its death, and the case is damnum absque injuria. Weeks, Damnum Absque Injuria, §9; Blyth *v.* Topham, Cro. Jac. 158; 1 Rol. Ab. 88; Howland *v.* Vincent, 10 Metc. (Mass.) 371 (43 Am. D. 442).          *Judgment affirmed.*

Action for damages; from Fulton superior court—Judge Pendleton.  January 26, 1909.

Argued December 2, 1909.—Decided April 19, 1910.

*G. W. Brooks,* for plaintiff.

*Joseph W. & John D. Humphries, T. O. Hathcock,* for defendants.

---

2110.    PRYOR *v.* LUDDEN & BATES SOUTHERN MUSIC HOUSE.

POWELL, J.  Under the decision of the Supreme Court in answer to the question certified in this case, the city court erred in striking the defendant's pleas.          *Judgment reversed.*

Complaint; from city court of Sylvania—Judge Boykin.  July 26, 1909.

Submitted December 2, 1909.—Decided April 19, 1910.

*E. K. Overstreet,* for plaintiff in error.