15812.  SMITH *v.* SEAWRIGHT.

PER CURIAM. 1. It is the duty of the owner of premises so to enclose, or otherwise guard, an excavation thereon which lies in dangerous proximity to a public street or sidewalk as to afford one passing along the street or sidewalk, in the exercise of ordinary care, reasonable immunity against the danger of casually falling therein. Where the owner fails to perform this duty, a person exercising such care who so falls and is injured is entitled to recover from the owner damages therefor. *Hutson* v. *King,* 95 *Ga.* 271 (3) (22 S. E. 615).

2. Under the principle of the above-stated ruling and the facts of the

instant case, each count of the petition set out a cause of action, and the court erred in dismissing the suit, on general demurrer.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concurs. Luke, J., dissents.*

DECIDED JANUARY 13, 1925.

Action for damages; from Fulton superior court—Judge E. D. Thomas. July 5, 1924.

In the first count of the petition it is in substance alleged, that a brick building on a lot owned by the defendant in the city of Atlanta fronts north on Houston street and extends back flush against the sidewalk line about 60 feet along the west side of Hilliard street, and that an excavation about 4 feet wide and 10 feet deep extends across the back of the building to within 10 or 12 inches of the west edge of the sidewalk on Hilliard street. This excavation, "which was formerly used for an entrance into the basement of said building, and which was formerly protected by a gate and gate supports, is, and for a year or more past has been, unprotected, so that the same was an open space at the rear of said store and along the edge of said sidewalk; and . . tall weeds had grown around said excavation so that the same could not be discovered by casual passing and could be discerned only upon close inspection." "On September 16, 1923, at about 4 o'clock a. m., petitioner was walking along the sidewalk on Hilliard street where said excavation abuts said sidewalk, and he hesitated for a moment at the rear corner of said brick building and fell into said excavation and was injured" in a manner described. "He had no knowledge whatsoever that said excavation was located at the point described . . or on the described property. . . The same was shielded and hidden by tall weeds and grass, . . it was dark at the time he was passing said point, and . . there was no sign or other indication of any character whatsoever to show the presence and existence of said excavation. . . He was in the exercise of ordinary care and diligence when he was injured, and in the exercise of the same was unable to avoid the consequences of defendant's negligence which contributed to and caused his injuries. . . Defendant was negligent in that he maintained said excavation at the point described without any protection being placed around same and without any sign or light to indicate the presence of same, and in such close proximity to the sidewalk; . . there was no light along the rear of said store, and it was dark at the time

petitioner was injured. He was further negligent in that he maintained said excavation on his said premises and alleged [allowed?] grass and weeds to grow up and around the same, so that same was hidden from view. He was further negligent in that he failed to maintain a light over or about said excavation so that same could be seen and avoided by pedestrians on said sidewalk."

The second count, after describing the building, the excavation, the weeds and grass, and the unprotected condition of the excavation as in the first count, alleged that at the time mentioned above the petitioner was a police officer of the city of Atlanta, and was on the morning watch, which extends from midnight to 8 o'clock the next morning, and that in the performance of his duty as such officer at about 4 o'clock in the morning he was examining the described premises for the purpose of protecting the premises from burglars and thieves, who were at that time numerous enough to attract attention in that neighborhood; that he had examined the rear of the property, along which a signboard had been erected; that back of the signboard it was very dark, and his partner, C. G. Hughes, had flashed his light at the back of the signboard in anticipation of finding loiterers, and petitioner had started forward, when he heard a suspicious noise, the cause of which is unknown to him, and he inadvertently stepped to one side and fell into the excavation at the sidewalk abutment of the same, "injuring him," etc. He was at said property in the performance of his public duty as a policeman and for the purpose of preserving and defending the property of the defendant, and he was a licensee and had a right to be upon the defendant's property, but had walked along the sidewalk on Hilliard street to the point where he fell, and inadvertently stepped aside and into the excavation on hearing the noise described. The excavation was dangerous in such close proximity to the sidewalk, which was constantly traveled by the public, as to create a continuing nuisance and source of danger to every one using the sidewalk. Allegations similar to those of the first count were made as to the petitioner's ignorance of the excavation, his exercise of care, and the negligence of the defendant.

A general demurrer to each count was sustained.

*Arminius Wright,* for plaintiff.

*Edgar R. Craighead, Chambers & Dickey, Hewitt W. Chambers,* for defendant.