A95A2570. CITY OF LAFAYETTE v. MORGAN.
(469 SE2d 532)

POPE, Presiding Judge.

We granted this interlocutory application to review the superior court's denial of the City of Lafayette's motion for summary judgment arising from the following property conveyance.

Milford Morgan executed a warranty deed to the City of Lafayette on November 1, 1992; the deed reflected that the grantors conveyed to the City a right-of-way in certain property around "Boy Scout Road." It is undisputed by the parties that the plat attached to the deed was incorrect and that the deed omitted any description of an eastern boundary to the property.

After this transference, K-Mart became interested in buying 85 feet of the easternmost part of Morgan's property. In order to facili-

tate the sale to K-Mart, the City rerecorded the warranty deed with a corrected plat map. A quit-claim deed by which the City purported to reconvey 85 feet of the previously deeded property back to Morgan was filed on August 9, 1993.

Also on August 9, 1993, Morgan received a letter from the City attorney, which stated: "[o]n November 1, 1992, you, along with others, executed a deed to the City regarding Boy Scout Road. The eastern most 297.55 feet of said road came exclusively from certain property owned by you via a limited warranty deed. . . . The City hereby notifies you of the availability of the eastern most eighty-five feet of the property conveyed by you in the aforesaid November 1, 1992 deed. . . . You are hereby given the opportunity to purchase from the City the property described in EXHIBIT A hereto for the total consideration of One Dollar ($1.00) and other good and valuable consideration. . . . If you are desirous of purchasing the subject property, as stated above please sign and date a copy of this letter and return immediately to me. Should you have any questions, please advise."

On the same date, Morgan signed both pages of the letter and returned it to the City attorney's office. Although Morgan was aware that the City claimed it had an easement, Morgan testified that he relied on the November warranty deed and plat in believing that no such easement existed. On September 13, 1993, Morgan sold the 85 feet of property to K-Mart for $30,000.

Nine months later Morgan sued the City and a contractor, who is no longer a party to the action, for fraud and trespass, essentially alleging that the City fraudulently created a right-of-way across his property. The complaint alleged that at the time of the first meeting regarding the City's acquisition of the easement, Morgan was told that the easement did not go through his property and that the plat which was attached to the deed confirmed this understanding.

1. In four enumerations of error, the City claims that the superior court erred in denying its motion for summary judgment. In addition to general arguments, the City argues that the court erred in not finding that Morgan had full knowledge by August 9, 1993, of the material facts regarding the right-of-way and that Morgan accepted the benefits of any unauthorized act, thereby ratifying any such action.

Upon full review of the record, it appears that the superior court correctly determined that factual issues remain. Citing numerous cases, including *Johnson v. Willingham*, 212 Ga. 310 (92 SE2d 1) (1956), the City argues that the metes and bounds description in the November deed prevailed over the incorrect plat. The truth of this proposition is irrelevant, because both parties here acknowledge that the original deed omitted an eastern boundary description of the property. Accordingly, the dispute here involves an area which was not fully described in the deed. In light of this indefinite description

and the inaccuracy of the plat, there is a factual issue as to whether the original conveyance was void. See generally *Smith v. Hooker/ Barnes, Inc.*, 253 Ga. 514, 515 (3) (322 SE2d 268) (1984); *Sanders v. Bryant*, 240 Ga. 825 (242 SE2d 717) (1978). If the original conveyance was void, the attempted reconveyance was invalid, and there was no error in the court's denial of the motion.

2. The City also argues that the trial court erred in failing to grant its motion for summary judgment on the punitive damages claim, since punitive damages are improper against a governmental entity. We agree. "[A]n award of punitive damages against a governmental entity is against public policy and is thus impermissible as a matter of law. *MARTA v. Boswell*, 261 Ga. 427 (405 SE2d 869) (1991)." *Groves v. City of Atlanta*, 213 Ga. App. 455, 458 (2) (444 SE2d 809) (1994).

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 8, 1996.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, J. Anderson Davis, I. Stewart Duggan*, for appellant.
*Albert C. Palmour, Jr.*, for appellee.