A99A0918. MOORE-SAPP INVESTORS v. RICHARDS.
A99A0919. CITY OF BRUNSWICK v. RICHARDS.
(522 SE2d 739)

SMITH, Judge.

We granted the applications of Moore-Sapp Investors and the City of Brunswick, Georgia, for interlocutory appeal in this premises liability case to review the trial court's denial of their motions for summary judgment. We conclude that their motions should have been granted, and we reverse the judgments below.

The record shows that while walking across property owned by Moore-Sapp to reach a grocery store, the plaintiff, John Richards, stepped into a hole where a City of Brunswick water meter either was or had been at one time. It was dark, and Richards did not see the hole. Richards admitted he was on Moore-Sapp's property purely for his own convenience, because it offered a shorter route to the grocery store. He did not have permission to be there. A public sidewalk leading to the store was available for Richards's use, and it was at least nine and one-half feet from the hole. Further, a tree stood between the sidewalk and the hole. Richards was injured in the fall and brought suit against Moore-Sapp and the city, seeking compensatory and punitive damages. The complaint alleged that both defendants were negligent. Both defendants answered, and both moved for summary judgment.

The motions were based upon the defendants' allegations that Richards was, at best, a licensee, if not a trespasser, on Moore-Sapp's

land when he fell and was owed only the duty not to injure him wantonly or wilfully. Both defendants alleged they had no knowledge of his presence, and no evidence was presented of wilful or wanton conduct. The trial court nevertheless denied the defendants' motions for summary judgment. The court found that because the city was not the property owner, it owed Richards the duty of ordinary care. The court further found that although Moore-Sapp's duty was not to injure Richards wantonly or wilfully, "it is usually willful or wanton not to exercise ordinary care to prevent injuring a person who may reasonably be expected to be within range of a hidden peril on one's premises."

1. Both appellants enumerate as error the trial court's ruling that they could be held liable for failing to exercise ordinary care. We agree that the trial court erred.

(a) Richards's status determines the duty of care owed him by the landowner, Moore-Sapp. *Brooks v. Logan*, 134 Ga. App. 226, 227 (1) (213 SE2d 916) (1975).

> The accepted test to determine whether one is an invitee or a licensee is whether the party coming onto the business premises had present business relations with the owner or occupier which would render his presence of mutual benefit to both, or whether his presence was for his own convenience, or was for business with one other than the owner or occupier. [Cits.]

*Savage v. Flagler Co.*, 185 Ga. App. 334, 337 (2) (364 SE2d 52) (1987), rev'd on other grounds, 258 Ga. 335 (368 SE2d 504) (1988). Because no dispute exists that Richards had no business on Moore-Sapp's property, but walked across it merely for his own convenience, he was not an invitee. A landowner is under no duty to keep premises in a safe condition for the benefit of trespassers or bare licensees. *Brooks*, supra at 228 (1). "To the licensee, as to the trespasser, no duty arises of keeping the usual condition of the premises up to any given standard of safety, except that they must not contain pitfalls, mantraps, and things of that character." (Citation and punctuation omitted.) *Hawkins v. Brown*, 228 Ga. App. 311, 313 (491 SE2d 423) (1997). The doctrine of mantrap rests on the theory that the landowner was expecting the trespasser or licensee and prepared his premises to injure the visitor. If a peril is not so close to a traveled way to pose a danger to those accidentally stepping off that path, it is not a mantrap. Id. at 313-314.

The principle relied upon by the trial court in holding that "it is usually willful or wanton not to exercise ordinary care" has some validity. But it applies only when the injured person "is actually

known to be or may reasonably be expected to be[ ] within range of a dangerous act being done or a hidden peril on one's premises." (Citation and emphasis omitted.) *Brooks*, supra at 228 (1). It is simply an application of the duty not to injure wantonly and wilfully, and it does not apply when the alleged negligence arises from static or passive conditions. In those cases, the only duty owed is not to injure wilfully or wantonly. *Trammell v. Baird*, 262 Ga. 124, 126 (413 SE2d 445) (1992).

A distinction exists between cases in which the negligence is active and those involving a static condition or passive negligence. The principle underlying the distinction is the same as that of mantrap, and a landowner may have a static condition on his land if it is not so close to a well-traveled path that it presents a danger to those who might accidentally step off that path. *Brooks*, supra at 229 (2).

In this case, the hole was neither mantrap nor active negligence; it was a static condition. It was at least nine and one-half feet from the paved path and not so near the public sidewalk as to constitute a peril to a person accidentally stepping off the sidewalk. The trial court erred in finding that Moore-Sapp could be held liable for failing to exercise ordinary care. Because no evidence was introduced of wanton or wilful conduct, Moore-Sapp's motion for summary judgment should have been granted. *Frank Mayes & Assoc. v. Massood*, 238 Ga. App. 416, 420 (518 SE2d 903) (1999).

(b) We similarly cannot agree with the trial court's determination that because the city was not the landowner, its duty to Richards was to exercise ordinary care. Richards argues that because he had no relation whatsoever with the city, it owed him a heightened duty of care. In cases such as *Lewis v. Ga. Power Co.*, 182 Ga. App. 375 (355 SE2d 731) (1987) and *Crosby v. Savannah Elec. &c. Co.*, 114 Ga. App. 193 (150 SE2d 563) (1966), children were injured by contact with high-voltage wires when they climbed power poles. Although the poles were owned by the defendant power companies, they were located on land owned by others. Id. at 197. We determined that the defendants were not liable under the principles discussed above pertaining to landowners. Although we agree with Richards that some distinctions exist between those cases and this one, we find those distinctions immaterial. If Richards had no permission to cross the land on which the hole was located and was owed no duty of exercising ordinary care by the owner of that land, it defies logic to find that he was owed a greater duty by the city, which did not own the land. Because we have determined that the hole was not a mantrap and no evidence was introduced that the city acted wantonly or wilfully, the trial court erred in denying the city's motion for summary judgment.

2. The city also enumerates as error the trial court's failure to address its arguments that no punitive damages were awardable

against it. It argues that such an award "against a governmental entity is against public policy and is thus impermissible as a matter of law." (Citations and punctuation omitted.) *City of Lafayette v. Morgan*, 220 Ga. App. 543, 545 (2) (469 SE2d 532) (1996). We need not address this issue, because we have determined that no compensatory damages are awardable, and "[p]unitive damages are awardable only when other damages, compensatory in nature, are awarded. [Cit.]" *Durham v. Mooney*, 234 Ga. App. 772, 774 (4) (507 SE2d 877) (1998).

*Judgments reversed. Pope, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 24, 1999 —
RECONSIDERATION DENIED NOVEMBER 16, 1999 — ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Whelchel, Brown, Readdick & Bumgartner, John E. Bumgartner, Bradley J. Watkins*, for appellant (case no. A99A0918).

*Gilbert, Harrell, Gilbert, Sumerford & Martin, Lisa G. Wood, Carlton A. DeVooght*, for appellant (case no. A99A0919).

*James A. Yancey, Jr.*, for appellee.