### A10A0990. JONES v. BARROW et al.

(696 SE2d 363)

BLACKBURN, Judge.

In this personal injury action, Carl Jones sued Homer Barrow and William Scott Murphy, claiming that he was injured as a result of Murphy's negligence in cutting down a dead tree on Barrow's property and as a result of Barrow's failure to keep his property safe from such hazards. Following a grant of summary judgment in favor of Barrow, Jones appeals, arguing that the trial court erred in concluding as a matter of law that he was a licensee, rather than an invitee, and in failing to construe the evidence in his favor. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1] "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." *McCaskill v. Carillo.*[2]

So construed, the evidence shows that Barrow owns a 172-acre tract of mostly-wooded rural property known as the Persons Tract. The property is traversed by approximately 35 miles of dirt roads and has several points of entry, including a private dirt driveway that is accessible from Georgia Highway 19. Barrow does not have a residence on the property but primarily uses it to grow and harvest pine trees. Although Barrow would occasionally allow friends and family members to hunt and fish on the property, only Barrow's nephew, Mitchell Burney, had Barrow's express permission to hunt

---

[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843 (575 SE2d 732) (2002).
[2] *McCaskill v. Carillo*, 263 Ga. App. 890 (589 SE2d 582) (2003).

on the property whenever he pleased without prior approval. However, unbeknownst to Barrow, Burney had given his friend, Scott Murphy, permission to hunt on the property without seeking prior approval and had even provided Murphy with a key to the gate to the driveway off Highway 19.

On September 29, 2006, Murphy asked Jones, who worked at the textile plant owned by Murphy's father, if Jones would assist him in hauling some wood out to Barrow's property so that Murphy could build a deer stand for hunting purposes. Jones agreed, and after work, the two men drove to Barrow's property, with Jones following Murphy in a separate truck. After entering the property, Murphy and Jones drove approximately another 1.5 miles down a dirt road into a densely wooded area before exiting their vehicles and proceeding deeper into the woods on foot. As they approached the location where Murphy wanted to build the deer stand, they came upon a partially downed tree, which Murphy decided needed to be removed. Using a chainsaw that he had brought with him, Murphy began cutting into some of the tree's limbs while Jones watched from the other side of the tree a few feet away. As Murphy continued sawing, the weight of the tree caused one of the newly-sawed limbs to spring forward and strike Jones in the head, seriously injuring his neck and spine.

Jones filed suit against Barrow and Murphy, claiming that he was injured as a result of Murphy's negligence in cutting down the tree and as a result of Barrow's failure to keep his property safe from such a hazardous condition. After discovery was concluded, Barrow filed a motion for summary judgment as to Jones's premises liability claim against him, which the trial court granted. This appeal followed.

1. Jones contends that the trial court erred in granting summary judgment to Barrow. Specifically, he argues that the court erred in concluding as a matter of law that he was a licensee on Barrow's property, rather than an invitee, and in finding that Barrow did not breach his duty owed to Jones. We disagree.

As both parties note, Jones's status determines the duty of care owed to him by Barrow as the landowner. "[A] trespasser is one who, though peacefully or by mistake, wrongfully enters upon property owned or occupied by another." (Punctuation and emphasis omitted.) *Gomez v. Julian LeCraw & Co.*[3] "An invitee is a person who, by express or implied invitation, has been induced or led to come upon premises for any lawful purpose while a licensee is one who is permitted, either expressly or impliedly, to go on the premises of another, but merely for his own interest, convenience, or gratifica-

---

[3] *Gomez v. Julian LeCraw & Co.*, 269 Ga. App. 576, 578 (1) (a) (604 SE2d 532) (2004).

tion." (Punctuation omitted.) *Jarrell v. JDC & Assoc., LLC.*[4] A landowner owes a duty to an invitee to exercise ordinary care to keep the premises and approaches safe. See OCGA § 51-3-1. In contrast, a landowner's "duty to a licensee is not to injure the licensee wantonly or wilfully and arises after the owner becomes aware of or should anticipate the presence of the licensee near the peril." (Punctuation and footnote omitted.) *Jarrell*, supra, 296 Ga. App. at 525. See OCGA § 51-3-2 (b). Under Georgia law,

> [t]he accepted test to determine whether one is an invitee or a licensee is whether the party coming onto the business premises had present business relations with the owner or occupier which would render his presence of mutual benefit to both, or whether his presence was for his own convenience, or was for business with one other than the owner or occupier.

(Punctuation omitted.) *Moore-Sapp Investors v. Richards.*[5]

In this matter, Jones may be considered, at best, a licensee given the fact that there was no evidence that he and Murphy were on the property to conduct business with Barrow, but rather were there for Murphy's convenience. See *Jarrell*, supra, 296 Ga. App. at 525; *Moore-Sapp Investors*, supra, 240 Ga. App. at 799 (1) (a). Indeed, Jones's status as a licensee is supported by the fact that there was no evidence that Barrow even knew that he and Murphy were on the property at all. See *Jarrell*, supra, 296 Ga. App. at 525; *Matlack v. Cobb Elec. Membership Corp.*[6]

Citing *Gomez*, supra, 269 Ga. App. at 577 (1), and *Plantation at Lenox &c. v. Lee*[7] for the proposition that guests of a tenant are invitees upon the landlord's property, Jones argues that he and Murphy were guests of Barrow's nephew Burney and therefore were also invitees. This argument is without merit. The undisputed evidence shows that Burney was not Barrow's tenant but was, himself, a licensee as he was permitted to go on Barrow's property merely for his own interests. See *Jarrell*, supra, 296 Ga. App. at 525. Thus, the trial court did not err in concluding as a matter of law that Jones was a licensee on Barrow's property.

In addition, the trial court correctly concluded that Barrow did

---

[4] *Jarrell v. JDC & Assoc., LLC.*, 296 Ga. App. 523, 524-525 (675 SE2d 278) (2009).

[5] *Moore-Sapp Investors v. Richards*, 240 Ga. App. 798, 799 (1) (a) (522 SE2d 739) (1999).

[6] *Matlack v. Cobb Elec. Membership Corp.*, 289 Ga. App. 632, 634 (658 SE2d 137) (2008).

[7] *Plantation at Lenox &c. v. Lee*, 196 Ga. App. 420, 421 (1) (395 SE2d 817) (1990).

not breach the duty he owed to Jones as a licensee. As a licensee, Jones

> must show that the defendant wilfully and wantonly injured him. As it is said: An owner owes to a licensee no duty as to the condition of the premises save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm. To the licensee, as to the trespasser, no duty arises of keeping the usual condition of the premises up to any given standard of safety, except that they must not contain pitfalls, man-traps, and things of that character.

(Punctuation omitted.) *Jarrell*, supra, 296 Ga. App. at 526. "The doctrine of mantrap rests on the theory that the landowner was expecting the trespasser or licensee and prepared his premises to injure the visitor. If a peril is not so close to a traveled way to pose a danger to those accidentally stepping off that path, it is not a mantrap." *Moore-Sapp Investors*, supra, 240 Ga. App. at 799 (1) (a).

Here, the passive or static condition of a partially fallen tree, which was located far from any road and within a densely wooded area of Barrow's property, was not a mantrap and did not constitute wilful or wanton conduct by Barrow. See *Mansfield v. Colwell Constr. Co.*[8] (passive or static condition of a large pile of rock or dirt in the middle of a private pathway well off the public road did not constitute wilful or wanton conduct); *Higginbotham v. Winborn*[9] (fallen tree was a static condition that did not constitute wilful or wanton conduct). Accordingly, the trial court did not err in concluding as a matter of law that Barrow did not breach any duty owed to Jones as a licensee.

2. Jones further contends that the trial court erred by failing to construe all the evidence in his favor as the nonmovant, arguing that the fact that most of the depositions included in the record on appeal remained sealed indicates that the trial court did not review those depositions. This contention is without merit.

The record shows that prior to filing his motion for summary judgment, Barrow filed Jones's original deposition with the trial court and also filed a request that Jones file the depositions that he had taken, including Barrow's and Murphy's. In addition, Barrow filed excerpts from nearly all of the depositions taken in the case with his motion for summary judgment, including excerpts from the

---

[8] *Mansfield v. Colwell Constr. Co.*, 242 Ga. App. 669, 673 (530 SE2d 793) (2000).
[9] *Higginbotham v. Winborn*, 135 Ga. App. 753, 757 (2) (218 SE2d 917) (1975).

depositions of Jones, Burney, and Murphy, as well as his own.[10] "[C]ase law specifically allows a trial court to rely on deposition excerpts filed by a party in support of a motion." (Punctuation omitted.) *Shannon v. Office Max North America*.[11] Indeed, the numerous cites to those depositions contained in the trial court's order granting summary judgment indicate that the court reviewed and relied on that evidence and belies Jones's contention to the contrary. Accordingly, Jones's contention presents no basis for reversal. See id.

*Judgment affirmed. Barnes, P. J., and Bernes, J., concur.*

DECIDED JUNE 7, 2010.

*Robin F. Clark, Linda G. Bass*, for appellant.
*Hall, Booth, Smith & Slover, Mark D. Maholick, Paul D. Ivey, Jr., Robert S. McPhail*, for appellees.

---

[10] The only deposition excerpts not filed with Barrow's motion for summary judgment were those of two of the EMTs, who assisted in transporting Jones to the hospital after the accident. Neither deposition was relevant to the issue of Jones's status as a licensee on Barrow's property.

[11] *Shannon v. Office Max North America*, 291 Ga. App. 834, 834 (2) (662 SE2d 885) (2008).