## A11A1828. JORDAN v. BENNETT et al.
### (720 SE2d 301)

ELLINGTON, Judge.

We granted an interlocutory appeal to Jacob Jordan to consider whether the Superior Court of Glynn County erred in denying his

---

motion for summary judgment in this premises liability suit brought by Patsy Jo Bennett,[1] a social guest who was injured during a party at Jordan's home. Because there is no evidence that Jordan breached his duty of care to Bennett, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant.

(Citations, punctuation and footnotes omitted.) *Jones v. Barrow*, 304 Ga. App. 337 (696 SE2d 363) (2010).

So viewed, the record reveals the following relevant facts. On September 20, 2008, Bennett attended a party at Jordan's home to watch a football game. She had been to Jordan's home three times before. That evening, after consuming five beers and two "lemon drop" cocktails, she went out onto a balcony off the kitchen to smoke a cigarette and to drink another beer with her friend, Paulette Williams, who was also Jordan's roommate. They sat in chairs facing the balcony railing and the back yard. After being on the balcony for about 15 minutes, Bennett walked to the balcony's edge to toss her cigarette into the back yard. As she tossed the cigarette, she turned to talk to Williams, and then she fell over the railings of the balcony and onto the concrete sidewalk 16 feet below, where she sustained serious injuries.

Bennett does not know what caused her to fall, though she speculates that she lost her balance. She deposed that she was unaware that she was on an elevated balcony; rather, she believed that she was on a ground-level patio. However, in a recorded statement given to an insurance adjuster, Bennett, during an inquiry into what caused her fall, stated: "I just remember kinda I looked over and I said 'God this deck is really high up.' That kinda freaked me out a little bit." In her recorded statement, Bennett said that Jordan had done nothing to cause the "freak accident," but that the fault was with the balcony's railing, which she believed was not "up to code."

The record shows that, although Jordan's exterior lights were off when Bennett fell, the balcony was illuminated by a light fixture in the kitchen. Both Williams and Bennett could see the 27.5

---

[1] Bennett's husband also sued Jordan for loss of consortium.

inch-high railing surrounding the balcony. Williams, perplexed that anyone would mistake the balcony for a patio, also deposed that, while on the balcony, a person is at the same "height of the trees[. Y]ou can tell they're not ground level." She explained that "[y]ou can't see the ground when you're sitting on the [balcony]. The only thing you have is the [balcony] and then there's nothing else to see, except the trunks of the trees[.]"

Neither Jordan nor Williams had experienced any prior problems with the balcony, such as any other guest falling over the railing or anyone complaining about the height of the railing. When Jordan bought the house, no one advised him that the railing was not up to code,[2] but he recognized that the railings were lower than those in new homes and he usually pointed that fact out to his guests. However, he did not consider the height of the railings dangerous, and he would occasionally sit on them.

1. Jordan contends that the trial court erred in denying his motion for summary judgment and in concluding that he had a duty to warn Bennett of any danger associated with the low railings. We agree.

The parties do not dispute that Bennett's status for purposes of this suit was that of a licensee. Further, the condition of the balcony, including the low railings that separate the balcony floor from the 16-foot drop to the ground below, constitutes a static condition,[3] not a hidden peril, pitfall, or mantrap.[4] Jordan, as the owner of "the

---

[2] The evidence in this case shows that both Bennett and Jordan were aware of the height of the railings. Thus, assuming, without deciding, that Bennett correctly asserts that Jordan was negligent per se in failing to comply with the building code, this does not impose liability where the owner lacks superior knowledge of the hazard. See *Yasinsac v. Colonial Oil Properties*, 246 Ga. App. 484, 486 (3) (541 SE2d 109) (2000) ("Even if [plaintiff] could show . . . negligence per se as a violation of the building code, she would be precluded from recovering because of the equal knowledge rule.") (footnote omitted).

[3] See *Barrett v. Ga. Dept. of Transp.*, 304 Ga. App. 667, 671 (2) (697 SE2d 217) (2010) (plaintiff's car fell off a 15-foot drop-off partly obscured by trees, landing upside down in a creek bed at the bottom of a culvert; drop-off was a static condition); *Trulove v. Jones*, 271 Ga. App. 681 (1) (610 SE2d 649) (2005) (a pool deck that had obviously not been completed in that the handrails had not been installed was a static condition); *Ga. Dept. of Transp. v. Thompson*, 270 Ga. App. 265, 271 (2) (a) (606 SE2d 323) (2004) (a trash container sitting atop a concrete storm drain was a static condition); *Aldredge v. Symbas*, 248 Ga. App. 578, 581 (547 SE2d 295) (2001) (drainage ditch obscured by shrubbery was a static condition); *Trammell v. Baird*, 262 Ga. 124, 125-126 (413 SE2d 445) (1992) (plaintiff riding a motorcycle collided with covered cable gate on an unpaved road; gate was a static condition); *Goodwin v. Mullins*, 122 Ga. App. 84, 85-86 (176 SE2d 551) (1970) (plaintiff mistook the door to the basement for the door to the bathroom, opened it, stepped in without realizing her error, and consequently fell; doorway construction was not a mantrap, but a static condition).

[4] "The doctrine of mantrap or pitfall is rested upon the theory that the owner is expecting a trespasser or a licensee and has prepared the premises to do him injury." (Citations and punctuation omitted.) *Hawkins v. Brown*, 228 Ga. App. 311, 313 (2) (491 SE2d 423) (1997). It is a "contrivance so dangerous in character as to imply a disregard of consequences or a willingness to inflict injury." (Citations and punctuation omitted.) Id. See, e.g., *McKinsey v.*

premises[,] is liable to a licensee only for willful or wanton injury." OCGA § 51-3-2 (b). Thus, in order to survive Jordan's motion for summary judgment, Bennett, as a licensee,

> must show that [Jordan] wilfully [or] wantonly injured [her]. As it is said: An owner owes to a licensee no duty as to the condition of the premises save that he should not knowingly let [her] run upon a hidden peril or wilfully cause [her] harm. To the licensee, as to the trespasser, no duty arises of keeping the usual condition of the premises up to any given standard of safety, except that they must not contain pitfalls, man-traps, and things of that character.

(Citations and punctuation omitted.) *Francis v. Haygood Contracting*, 199 Ga. App. 74, 75 (1) (404 SE2d 136) (1991).

> Although a landowner owes a duty to use ordinary care to protect anticipated licensees from *dangerous activities* being conducted on the premises or from *hidden perils*, where the alleged negligence arises from a dangerous static condition on the premises, the duty remains not to injure the licensee wilfully or wantonly.

(Citations omitted; emphasis supplied.) *Rice v. Elliott*, 256 Ga. App. 87 (567 SE2d 721) (2002).

Because there is no evidence in the instant case that Jordan wilfully or wantonly injured Bennett or that he knowingly exposed her to a dangerous activity, hidden peril, pitfall, or mantrap, there is no evidence that Jordan breached his duty of care to Bennett such that he has any liability for her injuries. Consequently, the trial court erred in denying his motion for summary judgment. See footnote 2, supra.

2. Given our holding in Division 1, Jordan's remaining claim of error is moot.

*Judgment reversed. Miller, P. J., and Doyle, J., concur.*

DECIDED NOVEMBER 22, 2011.

*Martenson, Hasbrouck & Simon, Edward A. Miller, Yakov D. Shteyman*, for appellant.

---

*Wade*, 136 Ga. App. 109 (220 SE2d 30) (1975) (vending machine booby-trapped with dynamite to discourage theft). Further, a peril is not "hidden" simply because a person fails to see or to perceive what is otherwise apparent. *Ellis v. Hadnott*, 282 Ga. App. 584, 586 (1) (639 SE2d 559) (2006) (plaintiff tripped over a broom handle that had fallen across stairway).

*Westmoreland, Patterson, Moseley & Hinson, Thomas H. Hinson II*, for appellees.